EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jaime Luis Ríos Martínez, Comisionado Electoral Alterno Partido Nuevo Progresista, Comisión Local, Precinto 065 Villalba, Puerto Rico<br><br>    Apelado<br><br>                v.<br><br>Comisión Local de Elecciones de Villalba, Precinto 065<br><br>    Apelante | APELACIÓN<br><br>2016 TSPR 188<br><br>196 DPR ____ |

Número del Caso: AC-2016-101


Fecha: 24 de agosto de 2016


Tribunal de Apelaciones:

        Panel Especial, Panel III


Abogado de la parte peticionaria:

        Lcdo. Humberto Xavier Berríos Ortiz


Abogado de la parte recurrida:

        Lcdo. Hamed G. Santaella Carlo


Materia: Ley electoral – Término para solicitar revisión judicial de determinaciones de la Comisión Local de Elecciones en cuanto a recusaciones por razón de domicilio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jaime Luis Ríos Martínez, Comisionado Electoral Alterno Partido Nuevo Progresista, Comisión Local, Precinto 065 Villalba, Puerto Rico<br><br>Apelado<br><br>v.<br><br>Comisión Local de Elecciones de Villalba, Precinto 065<br><br>Apelante | Núm. AC-2016-0101 | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR FELIBERTI CINTRÓN

En San Juan, Puerto Rico, a 24 de agosto de 2016.

Existen términos y disposiciones en nuestro ordenamiento que, aunque detallados y elaborados en algunos aspectos, resultan ambiguos o incompatibles con otras disposiciones aplicables, dejando así un vacío jurídico que crea situaciones de incertidumbre, en su aplicación, a la ciudadanía. En esos casos, los tribunales estamos llamados a ejercer nuestra función de interpretar la ley, de manera integral, para darle sentido lógico a su letra, conforme a la intención legislativa.

En el presente caso, tenemos la oportunidad de aclarar cuál es el término para solicitar la revisión judicial de determinaciones de la Comisión Local de Elecciones

relacionadas a recusaciones por razón de domicilio. Del mismo modo, evaluaremos y discutiremos la naturaleza y el método para computar dicho término. Veamos.

I

Para abril de 2016, se le solicitó a la Comisión Local de Elecciones de Villalba Precinto 065 (Comisión Local) la recusación de 242 electores por razón de domicilio. El 18 de mayo de 2016, la Comisión Local desestimó las recusaciones y notificó su determinación de forma verbal.

Inconforme, el 31 de mayo de 2016, el Lcdo. Jaime L. Ríos Martínez, Comisionado Electoral Alterno del Partido Nuevo Progresista (Comisionado Electoral PNP) presentó un *Escrito de Apelación* ante el Tribunal de Primera Instancia. El foro primario acogió una *Moción de Desestimación por Falta de Jurisdicción* presentada por la Sra. Marilyn López Torres, Comisionada Electoral del Partido Popular Democrático (Comisionada Electoral PPD), y desestimó el recurso por haberse presentado fuera del término jurisdiccional de veinticuatro (24) horas, según provisto en el Artículo 4.001 de la de la Ley Núm. 78-2011, Ley Electoral del Estado Libre Asociado de Puerto Rico (**Ley Electoral**), 16 LPRA sec. 4031 (2012) (**Art. 4.001**), por tratarse de un evento primarista.[1]

---

[1] En lo pertinente, este postulado dispone que "[d]entro de los treinta (30) días anteriores a una elección[,] el término para presentar el escrito de revisión [de una decisión de la Comisión Estatal de Elecciones (CEE)] será de veinticuatro (24) horas".

El 20 de julio de 2016, el Comisionado Electoral PNP acudió al Tribunal de Apelaciones mediante una petición de *certiorari*. Señaló que erró el foro primario al determinar que contaba con tan solo veinticuatro (24) horas para apelar la decisión de la Comisión Local.[2] Arguyó que, en el caso de recusaciones por razón de domicilio, el término para presentar una apelación era de diez (10) días, conforme al Artículo 5.005 de la Ley Electoral, 16 LPRA sec. 4045 (2012) (**Art. 5.005**). Indicó, además, que este término debía computarse según lo dispuesto en la Regla 68.1 de Procedimiento Civil.[3] Concluyó, por lo tanto, que su *Escrito de Apelación* fue presentado oportunamente ante el foro primario.

El 5 de agosto de 2016, el Tribunal de Apelaciones emitió *Sentencia* mediante la cual resolvió que el término utilizado por el foro primario como fundamento para la desestimación no aplicaba a apelaciones de determinaciones de la Comisión Local (como en el caso de epígrafe), sino a las provenientes de la Comisión Estatal de Elecciones (CEE). Especificó que, en este caso, el peticionario contaba con diez (10) días para presentar su apelación ante el foro primario, conforme al Art. 5.005.

---

[2]     Argumentó que las recusaciones no tenían el propósito de afectar el evento primarista de 6 de mayo de 2016, sino las elecciones generales de noviembre de 2016.

[3]     La Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1 (2010), en lo pertinente, establece que al computar los términos:

> […] no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado.

Del mismo modo, el foro apelativo intermedio explicó que el Artículo 2.004 de la Ley Electoral, 16 LPRA sec. 4004 (2012) (**Art. 2.004**) excluía expresamente la aplicación de las Reglas de Procedimiento Civil a los procedimientos bajo el Art. 5.005.[4] Sin embargo, consideró que, como el Art. 5.005 requiere que el tribunal tramite este tipo de casos (recusaciones por razón de domicilio) conforme a las disposiciones del Art. 4.001, se permite la aplicación de las Reglas de Procedimiento Civil.[5]

A base de lo anterior, el Tribunal de Apelaciones concluyó que, en el caso de epígrafe, el término de diez (10) días para apelar culminó el **sábado, 28 de mayo de 2016**, por lo cual, se extendió hasta el próximo día laborable, **martes, 31 de mayo de 2016**.[6] Así pues, revocó la determinación del Tribunal de Primera Instancia, por entender que ese foro tenía jurisdicción para atender el recurso iniciado por el Comisionado Electoral PNP.

Inconforme, el 15 de agosto de 2016, la Comisionada Electoral PPD acudió ante nos. Señaló que erró el Tribunal de Apelaciones al determinar que aplicaba el término de

---

[4]   El Art. 2.004 de la Ley Núm. 78-2011, Ley Electoral del Estado Libre Asociado de Puerto Rico (**Ley Electoral**), 16 LPRA sec. 4004 (2012), establece que "[e]n el cómputo de los términos expresados en este subtítulo aplicarán las Reglas de Procedimiento Civil de Puerto Rico de 2009, Ap. V del Título 32, excepto para los fijados en las secs. 4015 y 4045 de este título los cuales serán taxativos".

[5]   En particular, el Artículo 5.005 de la Ley Electoral, 16 LPRA sec. 4045 (2012), dispone que "[e]l tribunal tramitará estos casos dentro de los términos establecidos en la sec. 4031 de este título". La referida sección 4031 equivale al Art. 4.001 de la Ley Electoral, 16 LPRA sec. 4031 (2012).

[6]   El lunes, 30 de mayo de 2016, fue un día feriado en ocasión del Día de la Recordación.

diez (10) días establecido en el Art. 4.001, así como la Regla 68.1 de Procedimiento Civil.

Luego de analizar el derecho aplicable, y contando con el beneficio de la comparecencia de ambas partes, acogemos la apelación presentada como un recurso de *certiorari* y expedimos el auto para confirmar, aunque por fundamentos distintos, la determinación del Tribunal de Apelaciones. Resolvemos que el término para apelar una determinación atinente a una recusación por razón de domicilio de una Comisión Local de Elecciones ante el Tribunal de Primera Instancia es de diez (10) días. En caso de que la parte afectada esté impedida de presentar su apelación en el décimo día del término por razón de ser un sábado, domingo o día feriado legal, dicho término se extenderá hasta el próximo día laborable. Veamos.

## II

### A. Jurisdicción Sobre la Materia

La jurisdicción se define como el poder o autoridad que tiene un tribunal para atender y adjudicar casos o controversias. Rodríguez Rivera v. De León Otaño, 191 DPR 700 (2014); Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239 (2012). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela. Rodríguez Rivera v. De León Otaño, *supra.* Por ello, en reiteradas ocasiones hemos expresado que los tribunales tienen el deber de ser celosos guardianes de su jurisdicción. Peerless Oil v. Hnos.

Torres Pérez, *supra*; S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007).

Conforme a la Regla 10.8(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.8 (2010), la defensa de falta de jurisdicción sobre la materia es una privilegiada, por lo que puede levantarse en cualquier momento por cualquiera de las partes o por el tribunal *motu proprio*. Vázquez v. A.R.P.E., 128 DPR 513 (1991).

Las controversias relacionadas a la jurisdicción deben ser resueltas con preferencia a cualesquiera otras. Peerless Oil v. Hnos. Torres Pérez, *supra*; S.L.G. Szendrey-Ramos v. F. Castillo, *supra*. Si el tribunal determina que no tiene jurisdicción sobre la materia, solo tiene autoridad para decretar la desestimación del recurso. González v. Mayagüez Resort & Casino, 176 DPR 848 (2009). De lo contrario, cualquier dictamen en los méritos será nulo y, por ser *ultra vires*, es inejecutable. Maldonado v. Junta Planificación, 171 DPR 46 (2007).

### B. Interpretación Judicial de las Leyes

Una de las faenas principales de los tribunales, al solucionar las controversias que se presentan ante ellos, consiste en interpretar las disposiciones legales aplicables a la situación de hechos en particular. Brau, Linares v. ELA *et als.*, 190 DPR 315 (2014); IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712 (2012). Para ello, en nuestro ordenamiento jurídico se han establecido diversas normas de hermenéutica que nos sirven de guía y facilitan el ejercicio de nuestra función adjudicativa. Rosado

Molina v. ELA, 2016 TSPR 95, 195 DPR ____ (2016). Const. José Carro v. Mun. Dorado, 186 DPR 113 (2012). Uno de los principios cardinales de interpretación está codificado en el Art. 14 de nuestro Código Civil, 31 LPRA sec. 14 (2015), el cual establece que, cuando la ley es clara y libre de toda ambigüedad, su letra no debe ser menospreciada bajo el pretexto de cumplir su espíritu.

No obstante, cuando el texto de la ley es impreciso, debemos procurar que, al interpretarlo, no alcancemos resultados absurdos o contrarios a la verdadera intención o propósito del legislador. Rosado Molina v. ELA, *supra*.

Nuestra función interpretativa cobra mayor importancia ante disposiciones legales confusas, en las que "se hace aún más latente la necesidad de indagar cuál ha sido la verdadera intención del legislador al aprobarla". IFCO Recycling v. Aut. Desp. Sólidos, *supra*, pág. 739. En dichos supuestos de imprecisión y oscuridad legal, tenemos la ineludible encomienda de interpretar el estatuto en cuestión, considerando el propósito social que animó su creación, para brindarle un sentido lógico a todas sus disposiciones. IFCO Recycling v. Aut. Desp. Sólidos, *supra*.

En la consecución de dicho fin, debemos armonizar todas las disposiciones de la ley o de los estatutos involucrados en la solución de la controversia, con el objeto de obtener un resultado sensato, lógico y razonable. Rosado Molina v. ELA, *supra*; Asoc. Fcias. v. Caribe

Specialty *et al*. II, 179 DPR 923 (2010). Es por ello que

hemos enfatizado que:

> Ante la letra de una ley ambigua o incierta tenemos la obligación de inclinarnos hacia aquella solución que mejor capte el impacto del estatuto en términos del bienestar general y que mejor perciba la intención legislativa al adoptar la norma enfilada a propiciar el interés público. IFCO Recycling v. Aut. Desp. Sólidos, *supra*, pág. 740. Véase, además, Sucn. Álvarez v. Srio. De Justicia, 150 DPR 252, 274 (2000) y Goss, Inc. v. Dycrex Const. & Co., S.E., 141 DPR 342 (1996).

En dicho afán, **rechazaremos cualquier interpretación literal y forzada de un texto legal que produzca un resultado absurdo** o contrario a la verdadera intención del legislador. Brau, Linares v. ELA *et als*., *supra*; Asoc. Fcias. v. Caribe Specialty *et al*. II, *supra*; Báez Rodríguez *et al*. v. E.L.A., 179 DPR 231 (2010).

Por otro lado, en nuestra labor interpretativa, tenemos el deber de llenar las lagunas de la ley y procurar armonizar los estatutos aplicables que estén o parezcan estar en conflicto. PPD v. Gobernador, 111 DPR 8 (1981). Así, en aras de cumplir con nuestra imperiosa labor, en ocasiones nos hemos visto obligados a **suplir las inadvertencias en las que puede haber incurrido el legislador**, teniendo siempre presente el respeto que nos merece su intención al promulgar las leyes. Pueblo v. Zayas Rodríguez, 147 DPR 530 (1999).

> En fin, "los tribunales estamos autorizados a interpretar las leyes cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma; o cuando, con el propósito de mitigar

los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere". (Corchetes omitidos). <u>Brau, Linares v. ELA</u> *et als.*, *supra*, citando a <u>Pueblo v. Ortega Santiago</u>, 125 DPR 203, 214 (1990).

## C. Procedimiento Apelativo en Casos de Recusación por Razón de Domicilio

Mediante el Artículo 2.002 de la Ley Electoral, 16 LPRA sec. 4002 (Sup. 2016), la Asamblea Legislativa reafirmó "el principio de que los propósitos de existencia de un ordenamiento electoral descansan en unas garantías de pureza procesal capaces de contar cada voto en la forma y manera en que sea emitido". Para salvaguardar esos postulados, el Legislador estableció unos procedimientos de adjudicación y revisión judicial en la Ley Electoral.

Como parte de esos procesos, el Art. 4.001, intitulado *Revisión Judicial de las Decisiones de la Comisión*,[7] en lo pertinente, establece que "[c]ualquier parte adversamente afectada por una resolución, determinación y orden de la Comisión [es decir, la CEE] podrá, dentro de los diez (10) días siguientes a la notificación de la misma, recurrir ante el Tribunal de Primera Instancia mediante la presentación de un escrito de revisión". Del mismo modo, este precepto establece que, dentro de los treinta (30) días anteriores a una elección, el término para presentar un escrito de revisión será de veinticuatro (24) horas. <u>Íd.</u> Igualmente dispone un término de un (1) día en casos

---

[7] El Artículo 2.003 de la Ley Electoral, 16 LPRA sec. 4003 (Sup. 2016), define Comisión, en su Inciso 20, como "Comisión Estatal de Elecciones".

que surjan dentro de los cinco (5) días previos a una elección.

Por su parte, el Art. 5.005 de la Ley Electoral atiende, particularmente, las determinaciones de la Comisión Local y, en lo pertinente, establece que:

> En los casos de recusaciones por domicilio, tanto el o la recusado(a) como el recusador o recusadora podrán apelar dentro del término de diez (10) días la determinación de la comisión local en el Tribunal de Primera Instancia designado de conformidad al Capítulo 403 de este subtítulo.[8]

En esa línea, la Sección 3.5 del Reglamento para el Trámite de Recusaciones de la CEE, aprobado el 23 de abril de 2015, igualmente fija el término de diez (10) días para apelar, ante el Tribunal de Primera Instancia, las decisiones de la Comisión Local o la de su Presidente.[9] Este término es de carácter jurisdiccional. Íd.; véase, además, Frente Unido Independentista v. C.E.E., 126 DPR 309 (1990).[10]

Por su lado, el Art. 2.004 de la Ley Electoral dispone que los términos preceptuados en el Art. 5.005 de dicha ley

---

[8]    Esta disposición también requiere que el tribunal tramite estos casos dentro de los términos provistos en el Artículo 4.001 de la Ley Electoral, 16 LPRA sec. 4031 (2012), el cual **establece unos periodos cortos para que el tribunal resuelva las apelaciones**. Por otra parte, el procedimiento de recusación está codificado en el Artículo 6.017 de la Ley Electoral, 16 LPRA sec. 4077 (Sup. 2016).

[9]    http://ceepur.org/es-pr/Secretaria/Documents/REGLAMENTO%20PARA%20EL%20TRÁMITE%20DE%20RECUSACIONES.pdf (última visita, 22 de agosto de 2016, 2:24 pm). Véase, además, la Sección J del Manual de Procedimientos para el Trámite de Recusaciones de la CEE, 23 de abril de 2015, pág. 23, disponible en http://ceepur.org/es-pr/Secretaria/Documents/MANUAL%20DE%20PROCEDIMIENTOS%20PARA%20EL%20TRÁMITE%20DE%20RECUSACIONES.pdf (última visita, 22 de agosto de 2016).

[10]    Nótese que, conforme a la Sección 2.2(D) del citado Reglamento para el Trámite de Recusaciones de la CEE, aprobado el 23 de abril de 2015, las recusaciones por domicilio solamente estarán disponibles en el periodo de recusación mensual o en el periodo comprendido entre el 15 de enero y 30 de abril del año electoral.

son <u>taxativos</u> y no le son de aplicación las Reglas de Procedimiento Civil, *supra*. La Real Academia de la Lengua Española define taxativo como:

> 1. adj. Der. Que limita, circunscribe y reduce un caso a determinadas circunstancias.
> 2. adj. Que no admite discusión.[11]

### D. Cómputo de los Términos Según el Código Político

El Artículo 387 del Código Político, 1 LPRA sec. 71 (Sup. 2016), establece que:

> Los días de fiesta, en el sentido de este Código, son: los domingos, el primero de enero, el seis de enero, el tercer lunes de enero, el tercer lunes de febrero, el día veintidós de marzo, el Viernes Santo, **el último lunes de mayo**, el cuatro de julio, el veinticinco de julio, el primer lunes de septiembre, que será conocido como "Día del Trabajo", el once de noviembre, el diecinueve de noviembre, que será conocido como el Día de la Cultura Puertorriqueña y el Descubrimiento de Puerto Rico, el cuarto jueves de noviembre, el día veinticinco de diciembre, todos los días en que se celebren elecciones generales en la Isla y cada día fijado por el Gobernador de Puerto Rico, o por la Asamblea Legislativa. Siempre que cualquiera de dichos días ocurriere en domingo, será día de fiesta el lunes siguiente. (Énfasis nuestro).

El Artículo 388 del Código Político, 1 LPRA sec. 72 (2008), establece que: "[e]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, a menos que éste sea día de fiesta, en cuyo caso será también excluido". Por su parte, el Artículo 389 del Código Político, 1 LPRA sec. 73 (2008), dispone que:

---

[11] Diccionario de la Lengua Española, Edición del Tricentenario, disponible en http://dle.rae.es/?id=ZGdT4bK (última visita, 22 de agosto de 2016).

> Cuando algún acto haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado, y tal día ocurriere en día de fiesta, dicho acto podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado.

Conforme a lo anterior, en <u>Sosa v. Tribunal de Distrito</u>, 70 DPR 62 (1949), reiteramos que, cuando un término para apelar expira un sábado y los tribunales están cerrados, el peticionario tiene hasta el próximo día laborable para presentar su apelación, conforme a lo dispuesto en el Artículo 388 del Código Político.

**E. Derecho a la Revisión de una Decisión Administrativa**

La revisión judicial de las determinaciones administrativas tiene implicaciones importantes. No podemos perder de perspectiva que es precisamente a través de este mecanismo que el tribunal cumple con el mandato constitucional de velar por la legalidad de las acciones de las diversas entidades gubernamentales. <u>Junta Dir. Portofino v. P.D.C.M.</u>, 173 DPR 455 (2008). Véanse además, D. Fernández Quiñones, <u>Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme</u>, 3ra ed., Colombia, Ed. Forum, Colombia, 2013, Sec. 9.1, pág. 669; J.A. Echevarría Vargas, <u>Derecho Administrativo Puertorriqueño</u>, San Juan, Ed. Situm, 2012, pág. 281; D. Fernández Quiñones, <u>La Revisión Judicial de las Decisiones Administrativas</u>, 69 Rev. Jur. UPR 1129 (2000).

Ya anteriormente hemos expresado que este proceso "forma parte de un trámite apelativo cuyo diseño responde al principio constitucional de mayor acceso a los

tribunales". <u>Méndez v. Corp. Quintas San Luis</u>, 127 DPR 635, 637 (1991).

III

En aras de atender la controversia planteada mediante el presente recurso, debemos atender, en primer lugar, si la apelación de una decisión de la Comisión Local concerniente a **recusaciones por razón de domicilio** debe someterse dentro del término de veinticuatro (24) horas dispuesto en el Art. 4.001 de la Ley Electoral o si, en cambio, se rige por el término de diez (10) días establecido en el Art. 5.005 de dicho estatuto. De determinar que aplica el Art. 5.005, debemos entonces resolver si procede calcular el término de diez (10) días a base de las disposiciones de la Regla 68.1 de Procedimiento Civil.

De entrada, debemos aclarar y diferenciar el alcance de los Artículos 4.001 y 5.005. El Art. 4.001 va dirigido, como bien indica su título, a establecer el proceso de revisión judicial de las decisiones de la **CEE**. Dentro de los términos comprendidos en el referido artículo se especifica que los treinta (30) días previos a un evento electoral, la parte que no esté conforme con una **determinación de la CEE** dispone de un periodo de veinticuatro (24) horas para presentar su escrito de apelación ante el Tribunal de Primera Instancia. Es decir,

el término de veinticuatro (24) horas fijado en el Art. 4.001 aplica solamente a la CEE.[12]

Así pues, por su importancia y el impacto al derecho al sufragio, las decisiones de la CEE deben ser presentadas y resueltas con suma celeridad. Es por ello que el citado precepto establece términos cortos, en ocasiones de una (1) hora, para que el foro primario resuelva las apelaciones provenientes de la CEE. En consideración a lo anterior, en el pasado, la Rama Judicial ha tomado medidas necesarias y prudentes para recibir y resolver los recursos de revisión de índole electoral en los días cercanos a las elecciones.[13]

Por su parte, el **Art. 5.005 de la Ley Electoral dispone expresamente el mecanismo apelativo de las decisiones de la Comisión Local** y, en específico, las atinentes a la recusación por razón de domicilio. Conforme al principio rector en materia de hermenéutica, cuando la ley es clara, debemos atenernos a lo dispuesto por el Legislador. Es por ello que, sin lugar a dudas, este postulado es el que gobierna el proceso de revisión de la determinación a la que arribó la Comisión Local de Villalba en el caso de autos. Así pues, concluimos que, en este tipo de casos, rige el término de diez (10) días para

---

[12]     En consideración a que hemos decretado la inaplicabilidad del término de veinticuatro (24) horas a las revisiones judiciales de las determinaciones de la Comisión Local, se hace innecesario entrar a dilucidar si las recusaciones por razón de domicilio en este recurso se referían al evento primarista o a las elecciones generales.

[13]     A manera de ejemplo, en el pasado se ha ordenado: mantener abierta la Secretaría de los Centros Judiciales y tener jueces disponibles para atender las controversias electorales el día de las elecciones.

presentar una apelación ante el Tribunal de Primera Instancia, conforme al Art. 5.005.[14]

En este punto, resulta conveniente aclarar que el hecho de que se inicie un procedimiento de recusación por razón de domicilio no impide, de manera absoluta, que el ciudadano sujeto a recusación ejerza su derecho al voto. Podría registrarse para votar en su lugar de domicilio o se limita su voto a las papeletas para la gobernación y el comisionado residente. Al no impedirse el derecho al voto, no hay necesidad de presentar y resolver este tipo de controversia en el término expedito de veinticuatro (24) horas fijado en el Art. 4.001.[15]

Por último, el Art. 5.005 establece que el trámite judicial será conforme al Art. 4.001. Esto significa que, luego de presentado el recurso, el tribunal tendrá que celebrar una vista, recibir evidencia, formular determinaciones de hecho y conclusiones de derecho y resolver dentro de los términos establecidos en el Art. 4.001.

Una vez establecido que el Art. 5.005 es el que gobierna el inicio del procedimiento de revisión judicial de las recusaciones por razón de domicilio, procedemos a

---

[14] La Sección 3.5 del Reglamento para el Trámite de Recusaciones de la CEE, *supra*, reitera el término jurisdiccional de diez (10) días para apelar recusaciones por razón de domicilio ante el foro primario. El referido Reglamento no menciona que haya un término de veinticuatro (24) horas para apelar recusaciones por domicilio ante el Tribunal de Primera Instancia.

[15] Debemos reiterar que el Reglamento para el Trámite de Recusaciones, *supra*, establece que las recusaciones por razón de domicilio no pueden presentarse en cualquier momento, sino en determinados periodos y hasta el 30 de abril del año eleccionario.

discutir la naturaleza y el cómputo del término de diez (10) días.

Por mandato expreso del Art. 2.004 de la Ley Electoral, el término de diez (10) días para apelar las decisiones de la Comisión Local es de carácter taxativo y no le son de aplicación las Reglas de Procedimiento Civil. Sin embargo, no existe disposición alguna que excluya la aplicación supletoria del Código Político, 1 LPRA sec. 1 *et seq.* (2008), para asistir al tribunal en el proceso de dilucidar la controversia ante nos.[16] Por ejemplo, el legislador expresamente excluyó la aplicación del Código Político en cuanto a la contratación de cierto personal por parte del Presidente de la CEE,[17] pero no lo excluyó de igual manera en cuanto a las disposiciones aquí envueltas.

Con el fin de computar los términos, el Art. 388 del Código Político, *supra*, establece que se excluirá el primer día y se incluirá el último, a menos que éste sea feriado.[18] Por su parte, el Art. 389 del Código Político, *supra*, dispone que, si el día en que se haya de ejecutar algún acto es feriado, podrá realizarse en el próximo día laborable, teniendo el mismo efecto que si se hubiera realizado en el día señalado.

---

[16]    De este modo, cumplimos con nuestra obligación de llenar las lagunas en el ordenamiento para poder resolver la controversia que debemos atender.

[17]    Véase el Art. 3.009 del Código Electoral, 16 LPRA sec. 4019 (1) (g) (2012).

[18]    La Sección 3.5 del Reglamento para el Trámite de Recusaciones, *supra*, establece que se podrán apelar dentro de los diez (10) días siguientes a la notificación de la decisión de la Comisión Local o la de su Presidente.

Finalmente, el Art. 387 del Código Político, *supra*, y la jurisprudencia interpretativa establecen que, para propósitos de computarse los términos, los sábados, domingos y días feriados son considerados días de fiesta oficiales. Por lo tanto, en situaciones como la presente, si el término de diez (10) días para presentar la apelación vence un sábado, domingo o un día feriado, la parte promovente tendrá disponible hasta el próximo día laborable para someter su recurso.

Al interpretar la palabra "**taxativo**" mencionada en el Art. 2.004, resolvemos que se refiere a que el término para apelar es uno **jurisdiccional**, y no puede sustituirse, por analogía o de otro modo, por algún otro término.[19] Esta interpretación es conforme a lo establecido previamente en Frente Unido Independentista v. C.E.E., *supra*, y a la Sec. 3.5 del Reglamento para el Trámite de Recusaciones, *supra*.

Ahora bien, aunque los términos jurisdiccionales son fatales, no por ello son improrrogables. Por razones de debido proceso de ley, no podemos coartar o limitar el derecho de revisión judicial por motivo de que el último día del término coincida con alguno de los días en que nuestros tribunales no están operando por ser fin de semana, día de fiesta o por razones de índole

---

[19]    Así pues, no puede utilizarse el término usual de treinta (30) días provisto en nuestro ordenamiento procesal para presentar recursos de apelación o *certiorari* en nuestros foros judiciales. Del mismo modo, tampoco aplican los términos de revisión judicial de la Ley Núm. 170 de 12 de agosto de 1988, Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 2101 *et seq*. (2011).

administrativa.[20]    Interpretar el Art. 5.005 de la Ley Electoral a los efectos de que se requiera que se presenten apelaciones en el Tribunal de Primera Instancia cuando está cerrado, conllevaría un resultado absurdo, insensato e injusto.

De otra parte, permitir que el término se reduzca, sujeto a las oscilaciones del calendario, podría afectar onerosamente el derecho de revisión de la parte concernida. Esto pues, en ocasiones, pueden coincidir varios días feriados contiguos a sábados, domingos, así como otros días en que los tribunales estén cerrados por decreto administrativo. Al considerar estos días en los que no es viable presentar recursos ante el tribunal, en ocasiones pudiese reducir significativamente el término para apelar. No podemos coartar el derecho de apelar a un ciudadano por razones que están totalmente fuera de su control.

De otra parte, según advertimos anteriormente, la Ley Electoral específicamente ha concedido el derecho a la revisión judicial en casos de recusación por razón de domicilio. Este tipo de litigación representa un asunto de alto interés público pues concierne la corrección de las listas electorales y de este modo evitar un posible fraude.

---

[20]    Así pues, no coartamos el derecho a revisión judicial cuando, por orden administrativa de la Rama Judicial o por motivo de algún evento atmosférico, se encuentran cerrados los tribunales.    Por ejemplo, véase nuestra *Orden Administrativa* Núm. OAJP-2015-039 de 11 de marzo de 2015, y nuestra *Resolución* en *In re* Extensión Términos III, 192 DPR 761 (2015), en la que extendimos los términos para presentar recursos ante los tribunales, conforme a los Artículos 388 y 389 del Código Político, 1 LPRA secs. 72-73 (2008).    En la referida *Resolución*, la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo, señor Rivera García y señor Estrella Martínez hicieron constar, entre otras cosas, que "**[o]ponerse a esta extensión conllevaría limitar aún más los servicios y el acceso de la ciudadanía a presentar oportunamente sus reclamos**".    (Énfasis suplido).    *In re* Extensión Términos III, *supra*, pág. 762.

En este contexto, reducir *de facto* el periodo breve de diez (10) días provisto para acudir al Tribunal de Primera Instancia debido a que no existe foro disponible para atender un reclamo asentado en la propia Ley Electoral, podría interferir indebidamente con las garantías al debido proceso de ley en su modalidad procesal que cobijan a la parte recurrida en este caso.[21]  Entre las disposiciones constitucionales correspondientes, se encuentran, entre otras, las siguientes protecciones: el derecho a un proceso ante un juzgador imparcial; la oportunidad de ser oído; carear a los testigos y examinar la prueba presentada en su contra.[22]

Estas exigencias cobran particular relevancia en este caso dado a que el trámite ante el Tribunal de Primera Instancia, según provisto en el Art. 4.001, no constituye una revisión judicial en el sentido tradicional donde la función del foro revisor se limita a examinar el récord administrativo.  El procedimiento fijado estatutariamente mediante la Ley Electoral contempla una vista en su fondo en la cual las partes tendrán derecho a presentar prueba de así desearlo.  Igualmente el tribunal vendrá obligado en estos casos a formular determinaciones de hecho y conclusiones de derecho, lo que nos lleva a concluir que se trata de un juicio *de novo*.  Véase, <u>Suárez Cáceres v. Com.</u>

---

[21]    Véanse, Art. II, Sec. 7, Const. PR, LPRA, Tomo 1, ed. 2008, pág. 296 y las Emdas. V y XIV, Const. EE. UU., LPRA, Tomo I, ed. 2008, págs. 189 y 206.

[22]    Véase <u>Díaz Carrasquillo v. García Padilla</u>, 191 DPR 97 (2014); <u>González Segarra *et al*. v. CFSE</u>, 188 DPR 252 (2013); <u>Calderón Otero v. C.F.S.E.</u>, 181 DPR 386 (2011), y E. Chemerinsky, <u>Constitutional Law: Principles and Policies</u>, 3ra ed., Nueva York, Ed. Aspen, 2006, Sec. 10.9, pág. 908.

Estatal Elecciones, 176 DPR 31 (2009); Miranda v. C.E.E., 141 DPR 775 (1996); P.A.C v. P.I.P., 169 DPR 775 (2006).

Al momento de los hechos, no había disponible en el Tribunal de Primera Instancia, Sala Superior de Ponce, un procedimiento para la presentación de este tipo de recurso ante el cierre de la Secretaría del tribunal durante los sábados, domingos y días feriados. No podemos penalizar a la parte recurrida por las limitaciones en el procedimiento de presentación de documentos que están fuera de su control. Simplemente, para la fecha en cuestión, la ley no contemplaba la presentación de apelaciones de recusaciones por razón de domicilio los sábados, domingos o días feriados.

En nuestro ordenamiento judicial, si el término de diez (10) días culmina un sábado, domingo o día feriado, se extiende hasta el próximo día laborable, por mandato del Código Político. Esto es así tanto en casos de términos de estricto cumplimiento como de naturaleza jurisdiccional. Esto se debe a que, como norma general y por razones administrativas, las Secretarías de los tribunales no operan sábado, domingo o día feriado y la parte apelante está imposibilitada de ejercer su derecho de revisión. Al aplicar el mismo término y las mismas garantías procesales al caso de marras, se promueve la uniformidad y equidad. A su vez, se propicia la pureza procesal requerida por el Art. 2.002 de la Ley Electoral, *supra*.

IV

De la discusión que antecede, se desprende que el Tribunal de Apelaciones actuó correctamente al revocar la determinación del Tribunal de Primera Instancia y proteger el derecho de la parte recurrida a una revisión judicial. Sin embargo, contrario a lo indicado en el dictamen del foro apelativo intermedio, en el presente caso no es de aplicación la Regla 68.1 de Procedimiento Civil.

Por los fundamentos antes indicados, resolvemos que, conforme a las disposiciones del Art. 388 del Código Político, *supra*, y de conformidad con las exigencias del debido proceso de ley, el término jurisdiccional para presentar una apelación de la Comisión Local ante el Tribunal de Primera Instancia es de diez (10) días, sujeto a lo que dispone el Art. 388 del Código Político, *supra*. Por consiguiente, en el presente caso, se extiende el periodo para someter la apelación hasta el próximo día laborable.

En fin, debido a que la Secretaría del foro primario no estuvo en funciones los días 28, 29 y 30 de mayo de 2016, el recurso de apelación presentado ante el Tribunal de Primera Instancia el 31 de mayo de 2016, resultó oportuno.

V

A base de lo anterior, se expide el auto del recurso presentado, acogido como *certiorari*, y se confirma la Sentencia del Tribunal de Apelaciones de 5 de agosto de 2016 por otros fundamentos. Se devuelve el caso al

Tribunal de Primera Instancia para la continuación de los procedimientos.

Se dictará Sentencia de conformidad.


                                   ROBERTO FELIBERTI CINTRÓN
                                        Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jaime Luis Ríos Martínez, Comisionado Electoral Alterno Partido Nuevo Progresista, Comisión Local, Precinto 065 Villalba, Puerto Rico<br><br>Apelado<br><br>v.<br><br>Comisión Local de Elecciones de Villalba, Precinto 065<br><br>Apelante | Núm. **AC-2016-0101** | Apelación |

SENTENCIA

En San Juan, Puerto Rico, a 24 de agosto de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se expide el auto del recurso presentado, acogido como *certiorari*, y se confirma la Sentencia del Tribunal de Apelaciones de 5 de agosto de 2016 por otros fundamentos. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión de Conformidad. El Juez Asociado señor Colón Pérez emitió una Opinión Concurrente a la que se unió la Juez Asociada señora Rodríguez Rodríguez. La Jueza Presidenta Oronoz Rodríguez concurre sin opinión escrita.

**Adelántese inmediatamente por teléfono o correo electrónico, y notifíquese posteriormente por la vía ordinaria.**

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jaime Luis Ríos Martínez<br>Comisionado Electoral Alterno<br>Partido Nuevo Progresista<br>Comisión Local, Precinto 065<br>Villalba, Puerto Rico<br><br>Apelado<br><br>Comisión Local de Elecciones de Villalba, Precinto 065<br><br>Apelante | AC-2016-101 | |

Opinión de conformidad emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 24 de agosto de 2016.

Estoy conforme con el curso de acción tomado por este Tribunal. La controversia ante nuestra consideración está enmarcada específicamente en el proceso de recusaciones por domicilio determinado en una comisión local y el acceso de los ciudadanos a impugnar las decisiones concernientes ante el Tribunal de Primera Instancia. Es por ello que resultaba imperativo interpretar armoniosamente las disposiciones aplicables contenidas en la Ley Electoral del Estado Libre Asociado de Puerto Rico (Ley Electoral), 16 LPRA sec. 4001 *et seq.*, para disponer del asunto planteado y aclarar cómo se computan los términos para acudir ante el Tribunal

de Primera Instancia, considerando las realidades administrativas bajo las cuales opera el Sistema Judicial.

I

El 18 de mayo de 2016, la Comisión Local de Elecciones de Villalba (comisión local) desestimó 242 recusaciones por razón de domicilio, según solicitado por la Comisionada Electoral del Partido Popular Democrático, la Sra. Marilyn López Torres (Comisionada del PPD). El 31 de ese mes y año, el Comisionado Alterno del PNP, el Sr. Jaime Luis Ríos Martínez (Comisionado Alterno del PNP), impugnó la determinación de la comisión local ante el Tribunal de Primera Instancia.

Posterior a ello, la Comisionada del PPD presentó una *Moción de desestimación por falta de jurisdicción*, en la cual argumentó que el recurso presentado ante el foro primario incumplió con el término jurisdiccional provisto en la Ley Electoral. Sostuvo que el proceso de recusación por domicilio debió ser presentado en el término de 24 horas, conforme establece el Art. 4.001 de la Ley Electoral, 16 LPRA sec. 4031, por tratarse de un asunto a menos de treinta días de un proceso de primarias. Por tanto, solicitó la desestimación del mismo por falta de jurisdicción.

Por su parte, el Comisionado Alterno del PNP se opuso al sostener que el proceso de recusación iba dirigido a privar a esos electores del proceso de elecciones

generales, por lo que el recurso fue presentado oportunamente el último día hábil para ello.

El Tribunal de Primera Instancia atendió las posturas de las partes mediante la Sentencia emitida el 8 de julio de 2016, archivada en autos el 14 de julio de 2016, en la que acogió el planteamiento de la Comisionada del PPD.

Inconforme, el Comisionado Alterno del PNP acudió ante el Tribunal de Apelaciones. Adujo que el Tribunal de Primera Instancia erró al no aplicar el término de diez días para acudir ante ese foro e impugnar las referidas recusaciones y al no excluir de ese cómputo los sábados, domingos y días feriados. Por su parte, la Comisionada del PPD se opuso y reiteró su postura, además, señaló que aun cuando aplicase el término invocado por el Comisionado Alterno del PNP, el recurso instado ante el foro primario fue presentado tardíamente. Al así hacerlo, señaló que la Ley Electoral excluyó de la aplicación de las reglas procesales los asuntos relacionados con los acuerdos de las comisiones locales. De esta forma, al amparo de sus argumentos, aunque el último día para instar el recurso ante el Tribunal de Primera Instancia culminase un día en el que el foro no opera, éste no podía extenderse al próximo día hábil.

Atendidos los planteamientos, el Tribunal de Apelaciones emitió y archivó la Sentencia de 5 de agosto de 2016, mediante la cual revocó al Tribunal de Primera Instancia. El foro apelativo intermedio concluyó que el

término para acudir al foro primario era de diez días y excluía los sábados, domingos y días feriados. Para sostener su dictamen, el tribunal apelativo intermedio razonó que aunque el Art. 5.005 de la Ley Electoral, 16 LPRA sec. 4045, contiene términos taxativos para impugnar las determinaciones de las comisiones locales, en aquellos casos de recusaciones por domicilio establece que éstas se presentarán ante el Tribunal de Primera Instancia y "[e]l tribunal tramitará estos casos dentro de los términos establecidos en el Artículo 4.001 de la Ley". De esta forma, prosiguió su análisis en el Art. 2.004 de la Ley Electoral, 16 LPRA sec. 4004, que establece el modo en que se computan los términos expresados en el estatuto, e interpretó que no se excluyó de la aplicación de las reglas procesales civiles los asuntos relacionados a recusaciones por domicilio porque éstas se regían por lo dispuesto en el Art. 4.001, *supra*. Por tanto, el Tribunal de Apelaciones entendió que el recurso fue instado a tiempo.

En desacuerdo, la Comisionada Electoral del PPD acude ante este Tribunal y señaló que erró el Tribunal de Apelaciones en esa determinación. Arguyó que el Art. 5.005 de la Ley Electoral rige la controversia y a éste no le aplican los términos dispuestos en las reglas de procedimiento civil por disposición expresa contenida en el Art. 2.004 de la Ley Electoral, *supra*.

II

A.

La Constitución de Puerto Rico, consagra el derecho al voto para todo ciudadano o ciudadana en todos los procesos electorales. Art. II, Sec. 2, Const. ELA, LPRA Tomo 1. De igual forma, la Ley Electoral afianza la garantía de expresión electoral que representa el más eficaz instrumento de expresión y participación ciudadana en un sistema democrático de gobierno. Art. 2.002 de la Ley Electoral, 16 LPRA sec. 4002. Tan es así que el derecho al voto no puede ser impedido a un elector a no ser por las disposiciones dispuestas en el estatuto o de una orden emitida por un Tribunal de Justicia con competencia. Específicamente, la Ley Electoral establece que "no se podrá rechazar, cancelar, invalidar o anular el registro o inscripción legal de un elector o privar a un elector calificado de su derecho al voto mediante reglamento, orden, resolución, o cualquier otra forma que impida lo anterior". Art. 6.006 de la Ley Electoral, 16 LPRA sec. 4066.

A fin de garantizar la pureza del proceso electoral, la Ley Electoral contempla un procedimiento de recusación en el cual se impugna el estado de un elector en el Registro General de Electores o su petición de inscripción o transferencia durante el proceso de inscripción, o cuando se objeta el voto de un elector en una elección por creer que lo hace ilegalmente. Véase, 16 LPRA sec. 4003

(85). El procedimiento consiste en presentar la petición de exclusión del elector ante la comisión local concernida con el fundamento para ello. Entre los fundamentos está el que el elector no está domiciliado en la dirección señalada en su solicitud a la fecha de inscripción o en el momento de la recusación. Véase, Art. 6.017 de la Ley Electoral, 16 LPRA sec. 4077(a)(2). De decidirse que procede la recusación, el Presidente de la comisión local ordena la exclusión del elector del registro. El recusado tiene cinco días para apelar ante la Comisión Estatal de Elecciones la recusación, excepto lo dispuesto **para las recusaciones por domicilio electoral**. Íd.[23]

El proceso para revisar una recusación por domicilio electoral está contenido en el Art. 5.005 de la Ley Electoral, 16 LPRA sec. 4045, el cual rige las apelaciones de las decisiones de las comisiones locales. En lo pertinente, dispone que:

> **En los casos de recusaciones por domicilio,** tanto el recusado(a) como el recusador o recusadora podrán apelar **dentro del término de diez (10) días la determinación de la comisión local en el Tribunal de Primera Instancia** designado de conformidad al Capítulo 403 de este subtítulo. Si hay conflicto debido a que el juez o jueza del Tribunal de Primera Instancia es también Presidente o Presidenta de la comisión local, la apelación será atendida por otro juez o jueza del Tribunal de Primera Instancia que esté en funciones como Presidente o Presidenta Alterno(a). El tribunal tramitará estos casos dentro de los términos establecidos en la sec. 4031 de este título". Íd. (Énfasis suplido).

---

[23] Debemos recordar que todo elector deberá votar en el precinto en el que tiene establecido su domicilio. Véanse, Arts. 6.004 y 6.005 de la Ley Electoral, 16 LPRA secs. 4064-4065.

De lo expuesto, surge que el estatuto concedió un término mayor para apelar una determinación de la comisión local con relación a una recusación instada por razón de domicilio, es decir, un término de diez días. Asimismo, se entendió prudente que, a diferencia de las demás determinaciones de las comisiones locales, la recusación por domicilio fuera dirimida por el Tribunal de Primera Instancia y no por la Comisión Estatal de Elecciones. Por ello, el Art. 5.005 de la Ley Electoral, *supra*, redirige el trámite de estos casos al Art. 4.001 de la Ley Electoral, 16 LPRA sec. 4031, que rige la revisión judicial de las decisiones de la Comisión Estatal de Elecciones ante el Tribunal de Primera Instancia.[24]

---

[24]Por su parte, el Art. 4.001 de la Ley Electoral establece unos términos de acuerdo con la etapa del proceso electoral en las que se encuentre. Como regla general, el Tribunal de Primera Instancia cuenta con veinte días para atender los recursos. Ahora bien, si la revisión está relacionada a un asunto electoral dentro de los treinta días anteriores a la celebración de una elección, el término para presentar el escrito de revisión será de veinticuatro horas y el tribunal deberá resolver en un término no mayor de cinco días a partir de la presentación. De otra parte, si el asunto es a tan sólo cinco días de la celebración de una elección, éste deberá emitir su determinación no más tarde del siguiente día. De entrada, entendemos que el término de veinticuatro horas no aplica al caso ante nos, ya que estamos ante una impugnación relacionada sobre la recusación de unos electores por razón de domicilio que tiene efecto sobre las elecciones generales a celebrarse el 8 de noviembre de 2016. Como cuestión de realidad, el calendario que rige los trámites de recusaciones está preparado en función de las elecciones generales. En ese sentido, el Art. 6.018 de la Ley Electoral, 16 LPRA sec. 4078, expresamente dispone que el periodo es de "tres (3) meses y quince (15) días comprendido entre el 15 de enero y el 30 de abril del año de las elecciones generales". La fecha del 30 de abril, de por sí arroja luz en torno a la imposibilidad de que para la fecha de las primarias del 5 de junio pudieran estar

B.

En cuanto a cómo se computan los términos establecidos en la Ley Electoral, el Art. 2.004 de ese estatuto, 16 LPRA sec. 4004, dispone que: "en el cómputo de los términos expresados en este subtítulo aplicarán las Reglas de Procedimiento Civil de Puerto Rico de 2009, Ap. V del Título 32, **excepto para los fijados en las secs. 4015 y 4045 [Art. 5.001] de este título los cuáles serán taxativos**". (Énfasis suplido). Por su parte, la Regla 68.1 de las de Procedimiento Civil de Puerto Rico de 2009, 32 LPRA Ap. V, R. 68.1, establece cómo se computan los términos concedidos al decretar como sigue:

> En el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado. También podrá suspenderse o extenderse cualquier término por causa justificada cuando el Tribunal Supremo de Puerto Rico lo decrete mediante resolución. Cuando el plazo concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo. Medio día

_____

depuradas las listas electorales, a un nivel que pudiese recoger el resultado del proceso de recusaciones. Los emplazamientos, notificaciones, celebración de vistas y adjudicaciones de la Comisión Local y la eventual revisión ante el Tribunal de Primera Instancia, llevan a la realidad de que los procesos de primarias y de recusaciones transcurrieron simultáneamente, por lo que pretender encajonar el procedimiento especial de recusaciones bajo un término de revisión de veinticuatro horas constituiría alejarnos del texto claro de la ley y también del propósito legislativo.

feriado se considerará como feriado en su totalidad.

Es al amparo de esta disposición que la Comisionada Electoral del PPD arguye que el término para impugnar las recusaciones ante el Tribunal de Primera Instancia venció el sábado, 28 de mayo de 2016. Ello pues, argumenta que el término no se extendió al próximo día laborable, martes 31 de mayo de 2016, por disposición expresa contenida en el Art. 2.004 de la Ley Electoral, *supra*.[25]

Ante ello, la controversia que se suscita es si el citado lenguaje priva a un recusado o recusada, recusador o recusadora, de acudir ante el Tribunal de Primera Instancia el próximo día laborable para impugnar la decisión de una comisión local con relación a una recusación por domicilio, cuando el término de diez días para impugnar la decisión vence un sábado, domingo o día feriado, por lo que el Tribunal de Primera Instancia no estaba operando para recibir su reclamo. La contestación es en la negativa.

Un análisis del lenguaje citado dispone que al Art. 5.005 de la Ley Electoral, el cual rige el proceso de apelaciones de los asuntos determinados por las comisiones locales, no le aplican las Reglas de Procedimiento Civil de 2009 para el cómputo de los términos expresados. Sin embargo, ello no conlleva al resultado de que el ciudadano

---

[25]El lunes, 30 de mayo de 2016 fue un día feriado debido a la celebración del Día de la Conmemoración de los Muertos en Guerra (*Memorial Day*). Véanse, 4 LPRA Ap. XII, R. 28, 1 LPRA sec. 84.

o ciudadana que tenga que acudir ante el Tribunal de Primera Instancia se vea imposibilitado para ello porque su reclamo venza en un día en el cual el foro de instancia no esté accesible.

Ante la situación que nos ocupa, procede acudir al cuerpo legal supletorio a los efectos de examinar cómo se computarían los referidos términos. Por ello, debemos acudir al Código Político de Puerto Rico, el cual en su Art. 388, 1 LPRA sec. 72, decreta que "el tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último, **a menos que éste sea día de fiesta, en cuyo caso será también excluido**".[26] Íd. (Énfasis suplido). Asimismo, el Código Político establece el efecto que acarrea el que un acto culmine en un día de fiesta. A estos efectos, el Art. 389 del Código Político establece que: "cuando algún acto haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado, y **tal día ocurriere en día de fiesta**, dicho acto **podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en**

---

[26]Aunque el Código Político nada dispone sobre el sábado como un día de fiesta, según definido por la ley, esta disposición ha sido interpretada excluyendo los sábados y domingos cuando el último día para presentar un escrito culmina en éstos. Véanse, además, Op. Sec. Just. Núm. 5 1983. Además, véase, 1 LPRA sec. 71; Sosa v. Tribunal de Distrito, 70 DPR 62 (1949) en el cual se expresó que al interpretar el Código Político se ha excluido el sábado cuando el último día para presentar un recurso culmina ese día y se aplicó esa exclusión aunque había una certificación de que ese sábado el tribunal operó.

**el día señalado**". 1 LPRA sec. 74. Énfasis suplido. Véanse; además, Opiniones disidentes emitidas por el Juez Asociado señor Martínez Torres a la que se unió el Juez Asociado señor Feliberti Cintrón y la Opinión disidente emitida por el Juez Asociado señor Estrella Martínez en Díaz Vanga v. Com. Est. Elec. II, res. 15 de abril de 2016, 2016 TSPR 69, 195 DPR ____ (2016).

Ciertamente, al delinearse el procedimiento de recusaciones en la Ley Electoral no se excluyó la aplicación al Código Político. Es decir, no existe expresión alguna del legislador que impida su utilización. Como es sabido, tanto el Código Político como la Regla 68.1 de Procedimiento Civil atienden la preocupación de cómo se realizan los cómputos señalados por los estatutos, por lo que ambas disposiciones regulan la misma materia. En consecuencia, se presume que el legislador conoce éstas, por lo que en ausencia de una expresión a los efectos de la inaplicabilidad del Código Político, éste aplica supletoriamente. Véase, Art. 18 del Código Civil, 31 LPRA sec. 18; Cardona v. Depto. Recreación y Deportes, 129 DPR 557, 573 (1991).

Advertimos que cuando el legislador ha querido excluir la aplicación del Código Político en la Ley Electoral, lo ha hecho expresamente. Específicamente, así lo hizo en el caso de la contratación de servicios de ciertos funcionarios, los cuales fueron excluidos de las disposiciones del Art. 177 del Código Político, 3 LPRA

sec. 551. Véase, Art. 3.009 (1)(g) de la Ley Electoral, 16 LPRA sec. 4019(1)(g).

III

Por los fundamentos antes expuestos, no puedo avalar la postura asumida por la Comisionada del PPD. Ciertamente, el término para impugnar las recusaciones culminó un sábado y el recurso fue instado ante el Tribunal de Primera Instancia el próximo día hábil. A mi juicio, resultaría un abuso a las garantías de accesibilidad a los tribunales el imponer a una parte el requisito de presentar un recurso ante el Tribunal de Primera Instancia en un día que, de ordinario, el referido foro está cerrado. Mucho menos, concibo endosar una interpretación en la que se le acorte a una parte el término dispuesto por el legislador para instar su reclamo. Ello sería el resultado de requerirle a ese ciudadano o ciudadana que presente su reclamo antes de la fecha límite establecida por el legislador, por razón de que el término culminaría un fin de semana o un día de fiesta y el tribunal está inoperante. Tal proceder no es a tono con los postulados del acceso a la justicia.

En consecuencia, estoy conforme con el dictamen emitido por este Tribunal. En vista de que la revisión de una sentencia se da contra la decisión y no contra sus fundamentos, endoso confirmar al Tribunal de Apelaciones.

Véanse, <u>SLG Semidey Vázquez v. ASIFAL</u>, 177 DPR 657, 693 (2009); <u>Pérez v. VPH Motor Corp.</u>, 152 DPR 475, 487 (2000).


                                        Luis F. Estrella Martínez
                                              Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Jaime Luis Ríos Martínez,
Comisionado Electoral Alterno
Partido Nuevo Progresista,
Comisión Local, Precinto 065
Villalba, Puerto Rico

     Apelado

        v.

Comisión Local de Elecciones
de Villalba, Precinto 065

     Apelante

Núm. AC-2016-101   Apelación

Opinión Concurrente emitida por el Juez Asociado SEÑOR COLÓN PÉREZ a la cual se une la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ.

En San Juan, Puerto Rico a 24 de agosto de 2016.

En el caso ante nuestra consideración debemos determinar cómo se computa el término que tiene un recusado o recusador para solicitar -- ante el Tribunal de Primera Instancia -- la revisión de una resolución, determinación y orden de la Comisión Local de Elecciones en los casos de recusaciones por domicilio y qué disposiciones de la Ley Electoral regulan este asunto. Toda vez que considero que la controversia ante nuestra consideración incide sobre el ejercicio fundamental del derecho al voto de nuestros ciudadanos y ciudadanas, y por considerar que los fundamentos en que se basa la mayoría son desacertados, concurro con el dictamen y expongo mis fundamentos para ello.

II.

Como es sabido, el proceso de revisión judicial de decisiones relacionadas a recusación por razón de domicilio es uno muy particular, el cual está regulado por varias disposiciones de la Ley Electoral del Estado Libre Asociado de Puerto Rico, 16 L.P.R.A sec. 4001 y s.s [en adelante "Ley Electoral"], a saber: los Artículos 5.005 (16 L.P.R.A. sec. 4045), 4.001 (16 L.P.R.A. sec. 4031) y 2.004 (16 L.P.R.A sec. 4004).

En lo pertinente a la controversia que nos ocupa, el Artículo 5.005 de Ley Electoral, *supra*, respecto a las determinaciones de las Comisiones Locales de Elecciones, -- como lo son las relacionadas a las recusaciones por domicilio --, claramente establece lo siguiente:

> Los acuerdos de las comisiones locales deberán ser aprobados por votación unánime de los Comisionados(as) Locales que estuvieren presentes al momento de efectuarse la votación. Cualquier asunto presentado a la consideración de la comisión local que no recibiere tal unanimidad de votos, será decidido a favor o en contra, por el Presidente de la misma, siendo ésta la única ocasión y circunstancia en la que dicho Presidente podrá votar. Su decisión en estos casos podrá ser apelada ante la Comisión por cualesquiera de los(las) Comisionados(as) Locales, quedando el acuerdo o decisión así apelado sin efecto hasta tanto se resuelva la misma.
>
> Toda apelación a una decisión del Presidente(a) de una comisión local, excepto en los casos de recusación por domicilio, deberá notificarse en la misma sesión en que se tome la decisión apelada y antes de que se levante dicha sesión. La apelación se hará con notificación al Presidente de la misma, quien inmediatamente transmitirá tal notificación a la Secretaría de

la Comisión. El Presidente de la Comisión citará a la mayor brevedad posible a la Comisión para resolver conforme se dispone en este subtítulo.

**En los casos de recusaciones por domicilio, tanto el o la recusado(a) como el recusador o recusadora podrán apelar dentro del término de diez (10) días la determinación de la comisión local en el Tribunal de Primera Instancia designado de conformidad al Capítulo 403 de este subtítulo.** Si hay conflicto debido a que el juez o jueza del Tribunal de Primera Instancia es también Presidente o Presidenta de la comisión local, la apelación será atendida por otro juez o jueza del Tribunal de Primera Instancia que esté en funciones como Presidente o Presidenta Alterno(a). **El tribunal tramitará estos casos dentro de los términos establecidos en la sec. 4031 de este título.**

[…] (Énfasis suplido)

De la anterior disposición legal podemos colegir que, -- contrario a lo señalado por el Tribunal de Apelaciones, el cual dispuso de la controversia ante nuestra consideración aplicando erróneamente lo dispuesto en los Artículos 4.001 y 5.005 de la Ley Electoral, *supra*, y la Regla 68.1 de las de Procedimiento Civil, *supra* -- es el Artículo 5.005 de la Ley Electoral el que expresamente regula lo relacionado a la revisión judicial de las resoluciones, determinaciones u órdenes de la Comisión Local de Elecciones relativas a las recusaciones por domicilio. Esta disposición legal claramente establece que, para solicitar la revisión judicial ante el Tribunal de Primera Instancia, en los casos de recusaciones por domicilio, el recusado o el recusador cuenta con un término de diez (10) días. Así también se desprende del Reglamento para el Trámite de Recusaciones de la Comisión Estatal de

Elecciones, aprobado el 23 de abril de 2015. Al respecto,

la Sección 3.5 del referido Reglamento señala:

> Las recusaciones por domicilio se regirán
> por las disposiciones del Artículo 5.005 de la
> Ley Electoral. Tanto el recusado, el recusador
> como los Comisionados Locales podrán apelar
> aspectos procesales o sustantivos dentro de los
> diez (10) días siguientes a la notificación de la
> decisión de la Comisión Local o la de su
> Presidente, al Tribunal de Primera Instancia. En
> caso de conflicto porque el juez sea también
> Presidente de la Comisión Local, la apelación
> será atendida por otro juez o jueza del Tribunal
> de Primera Instancia correspondiente. El término
> antes señalado es jurisdiccional.

Por último, el referido Artículo 5.005 de la Ley

Electoral, *supra*, añade que los trámites judiciales

relacionados a la revisión de las resoluciones

determinaciones u órdenes relativas a las recusaciones por

domicilio deberán conducirse conforme a los términos

contenidos en el Artículo 4.001 de la Ley Electoral, *supra*.

Sobre el trámite especial que deberá llevar un caso de

esta naturaleza en el Tribunal de Primera Instancia, el

Artículo 4.001 de la Ley Electoral, *supra*, establece que:

> Cualquier parte adversamente afectada por una
> resolución, determinación y orden de la Comisión
> podrá, dentro de los diez (10) días siguientes a
> la notificación de la misma, recurrir ante el
> Tribunal de Primera Instancia mediante la
> presentación de un escrito de revisión. La parte
> promovente tendrá la responsabilidad de notificar
> dentro de dicho término copia del escrito de
> revisión a través de la Secretaría de la
> Comisión, así como a cualquier otra parte
> adversamente afectada, dentro del término para
> recurrir al tribunal. Dicho término se
> interrumpirá con la presentación de una moción de
> reconsideración dentro del mismo término, siempre
> que se notifique a la Comisión a través de su
> Presidente y a cualquier parte adversamente
> afectada en el referido término. Sólo se tendrá

derecho a una moción de reconsideración la cual deberá ser resuelta por la Comisión dentro de un término de cinco (5) días. Desde la decisión resolviendo la reconsideración la parte tendrá diez (10) días para solicitar revisión ante el Tribunal de Primera Instancia.

El Tribunal de Primera Instancia celebrará una vista en su fondo, recibirá evidencia y formulará las determinaciones de hecho y conclusiones de derecho que correspondan. El tribunal deberá resolver dicha revisión dentro de un término no mayor de veinte (20) días contado a partir de la fecha en que quede el caso sometido.

Dentro de los treinta (30) días anteriores a una elección el término para presentar el escrito de revisión será de veinticuatro (24) horas. La parte promovente tendrá la responsabilidad de notificar dentro de dicho término copia del escrito de revisión a la Comisión y a cualquier otra parte afectada. El tribunal deberá resolver dicha revisión dentro de un término no mayor de cinco (5) días, contado a partir de la presentación del caso.

[…]

Es decir, el Artículo 4.001 de la Ley Electoral, *supra*, establece las reglas procesales que guiarán la correcta disposición de un caso cuando se solicita la revisión judicial de las resoluciones, determinaciones u órdenes relativas a las recusaciones por domicilio. Ello incluye -- pero no se limita a -- todo lo relacionado a las mociones de reconsideración de las determinaciones de la Comisión Local de Elecciones, la celebración de una vista en su fondo donde se reciba evidencia y se formulen determinaciones de hecho y conclusiones de derecho, y los términos cortos que tiene el Tribunal de Primera Instancia para resolver. **Dicho de otro modo, en lo relativo a las recusaciones por domicilio, el Articulo 4.001 de la Ley**

**Electoral solo regula el acercamiento procesal a la controversia ante nos; el acercamiento sustantivo a la controversia, como ya mencionamos, lo regula el Artículo 5.005 de la Ley Electoral, *supra*.**

Finalmente, es menester señalar que -- contrario a lo resuelto por el Tribunal de Apelaciones -- en la consideración de los términos contenidos en el Artículo 5.005 de la Ley Electoral, *supra,* y para fines de su cómputo, -- particularmente en lo que respecta al término de diez (10) días con que cuenta el recusado o el recusador para solicitar la revisión judicial de las resoluciones, determinaciones u órdenes relativas a las recusaciones por domicilio -- no aplicará lo dispuesto en las Reglas de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. V., siendo los mismos términos taxativos. Así, claramente se desprende del Artículo 2.004 de la Ley Electoral, *supra*, el cual sentencia que:

> **En el cómputo de los términos expresados en este subtítulo aplicarán las Reglas de Procedimiento Civil de Puerto Rico de 2009, Ap. V del Título 32, excepto para los fijados en las secs. 4015 y 4045 [Artículos 3.005 y 5.005 de la Ley Electoral, supra] de este título los cuales serán taxativos.** (Énfasis suplido)

Es, pues, a la luz del marco jurídico antes expuesto que debemos atender la controversia traída ante nuestra consideración por el señor Ríos Martínez. Procedemos a así hacerlo.

III.

Como muy bien se recoge en la Opinión del Tribunal, en el presente caso el Comisionado Electoral Alterno del Partido Nuevo Progresista señor Ríos Martínez, procuró recurrir ante el Tribunal de Primera Instancia de una decisión de la Comisión Local de Elecciones del Municipio de Villalba que -- el pasado 18 de mayo de 2016 -- desestimó 242 recusaciones por razón de domicilio presentada por éstos.

Como ha quedado claramente establecido, conforme a lo dispuesto en el Artículo 5.005 de la Ley Electoral, *supra*, el señor Ríos Martínez contaba con un término taxativo de diez (10) días para instar el correspondiente recurso de revisión judicial. **Dicho término vencía el sábado 28 de mayo de 2016; un día no laborable, en el cual las secretarías de los tribunales del país no estaban operando.** Siendo ello así, el señor Ríos Martínez presentó su recurso de revisión judicial el martes 31 de mayo de 2006, próximo día laborable en la Rama Judicial puesto que el lunes 30 de mayo era un día feriado oficial en el Estado Libre Asociado de Puerto Rico ("Memorial Day"). El señor Ríos Martínez entiende que podía hacerlo. La peticionaria, Sra. Marilyn López Torres, Comisionada Electoral del Partido Popular Democrático en Villalba, entiende que no podía hacerlo.

Ello nos plantea la siguiente interrogante: ¿tratándose de un término taxativo que vencía un día no

laborable, podía el señor Ríos Martínez esperar hasta el próximo día laborable para presentar su recurso de revisión judicial para impugnar ciertas recusaciones por domicilio? **¿Qué sucede cuando el día en que vence un término taxativo es un día no laborable y el dia siguiente es un día de fiesta?**. Lo cierto es que las disposiciones aplicables antes citadas de la Ley Electoral, *supra*, nada disponen sobre el particular. Procede pues, atender esta laguna en la ley.

Ante el silencio que guarda la Ley Electoral, *supra*, sobre ese particular, -- y de forma distinta a como una mayoría de este Tribunal aborda la controversia -- nos vemos en la obligación de analizar disposiciones estatutarias complementarias o *in pari materia*, para poder disponer correctamente de la controversia ante nos. *Zambrana Maldonado v. Estado Libre Asociado de P.R.*, 129 DPR 740 (1992); *Aponte v. Srio. De Hacienda, E.L.A.*, 125 D.P.R. 610 (1990); *Riley v. Rodríguez Pacheco*, 124 D.P.R. 733 (1989). **Según el Artículo 18 del Código Civil, 31 L.P.R.A. sec. 18, *"[l]as leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro."***

De entrada, precisa señalar que, en lo relacionado al día no laborable, es en la propia Ley Electoral, *supra*, donde hemos encontrado un artículo que -- por tratarse de

una materia similar -- podemos utilizar para aclarar lo que resulta dudoso en los artículos bajo estudio, a saber: el Art. 8.011 de la referida disposición legal (16 L.P.R.A. sec. 4121). Este Artículo regula el tratamiento que se le da a las *"Fechas para Abrir Candidaturas y las Fechas Límites"* Al respecto, el citado artículo, en cuanto al manejo de los días no laborables, de forma clara establece que:

> La Comisión y los partidos políticos abrirán el proceso de presentación de candidaturas el 1 de diciembre del año antes en que se celebrarán las elecciones generales hasta el 30 de diciembre del mismo año. Las fechas límites que aplicarán a los procesos y actividades relacionadas con dichas primarias serán establecidas mediante reglamento por la Comisión. **La hora límite en todos los casos serán las 12:00 del mediodía; <u>cuando alguna de estas fechas cayere en un día no laborable, la misma se correrá al siguiente día laborable.</u>** Los candidatos independientes radicarán sus candidaturas exclusivamente mediante este mismo proceso y en el mismo periodo. (Enfasis suplido)

Como bien señaló la Jueza Asociada Rodríguez Rodríguez, en su Opinión de Conformidad en *Díaz Vanga v. Comisión Estatal de Elecciones*, 2016 T.S.P.R. 69, *"[e]stas disposiciones apuntan claramente a que el criterio rector al momento de extender una fecha límite a las que aplica el Artículo 8.011 es que se trate de un día no laborable y no de un día feriado".* Ello, a mi juicio, es de utilidad -- en el análisis *in pari materia* que estamos realizando – y nos permite disponer de parte de la controversia ante nuestra consideración. De otro lado, <u>en lo relacionado al día de fiesta</u>, resulta igualmente ilustrativo acudir al

Artículo 388 del Código Político que versa sobre el tratamiento que debe darse cuando un término vence un día de fiesta. Allí se dispone, en lo pertinente, lo siguiente:

> [E]l tiempo en que cualquier acto prescrito por la ley debe cumplirse, se computará excluyendo el primer día e incluyendo el último día, a menos que éste sea día de fiesta, en cuyo caso será también excluido.

Por otra parte, el Artículo 389 del mencionado estatuto, Íd. sec.73, establece que:

> **Cuando algún acto haya de ejecutarse bajo la ley o en virtud de contrato en un día señalado, y tal día ocurriere en día de fiesta, dicho acto podrá realizarse en el próximo día de trabajo, teniendo el mismo efecto que si se hubiera realizado en el día señalado.** (Enfasis suplido)

Establecido lo anterior, y en virtud de las citadas disposiciones estatutarias, las cuales nos sirven de guía sobre la forma en que el legislador estimó se deben computar los términos cuando los mismos vencen en días no laborables y/o días de fiestas, y como consecuencia del aludido vacío en los artículos bajo estudio de la Ley Electoral, *supra*, entendemos que el señor Ríos Martínez, por excepción, presentó su recurso en el término dispuesto por ley, por los siguientes fundamentos: porque **1) habiéndose vencido el termino taxativo de diez (10) días que tenía para revisión de las resoluciones, determinaciones u órdenes relativas a las recusaciones por domicilio un día no laborable, y 2) estando las secretarías de los tribunales de justicia del país**

**cerradas ese día, y finalmente 3) siendo el próximo día hábil un día de fiesta (en este caso "Memorial Day"),** procedía la presentación el próximo día laborable.

Ahora bien, precisa señalar que otro hubiese sido el resultado si el día en que venció el término taxativo de diez (10) días, entiéndase el sábado o el día feriado, las secretarías de los tribunales del país hubiesen estado abiertas[27] o hubiese existido otro método de presentación electrónica o alterno, y así se le hubiese informado a la ciudadanía en general. En ese caso el término taxativo hubiese vencido ese día y no podía ser extendido. Véase, de forma análoga, *Díaz Vanga v. Comisión Estatal de Elecciones*, *supra*.

Por tal razón, la aplicación automática de los términos dispuestos en el Código Político, *supra*, tal y como se establece en la Opinión del Tribunal, no debe ser de aplicación en estos casos. Ello burlaría la intención que tuvo el legislador de que este término fuese uno taxativo.

IV.

Establecido lo anterior, y por entender que contrario a lo señalado por la mayoría aquí no aplica directamente

---

[27] Así suele ocurrir -- como medida extraordinaria -- cercano a la fecha en que se celebra un evento electoral en el país.

el Código Político, *supra,* concurrimos con el resultado al

que se llega en el día de hoy.


                                        Ángel Colón Pérez
                                         Juez Asociado