Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LUCIANO ROMÁN CHICO h/n/c COLMADO EL MANGÓ<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE IMPUESTO AL CONSUMO<br><br>Recurrido | KLRA202300336 | REVISIÓN ADMINISTRATIVA del Departamento de Hacienda, Secretaría de Procedimiento Adjudicativo<br><br>Caso: 2021-LIC-278<br><br>Sobre: Notificación de Multas Administrativas bajo la Sección 3050.03 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de diciembre de 2023.

Comparece el señor Luciano Román Chico haciendo negocios como Colmado El Mangó ("señor Román Chico" o "Recurrente"). Nos solicita la revocación de la *Resolución* emitida y notificada el 7 de junio de 2023, por la Secretaría de Procedimiento Adjudicativo del Departamento de Hacienda ("Secretaría de Procedimiento Adjudicativo"). Mediante la referida *Resolución,* la Secretaría de Procedimiento Adjudicativo declaró *No Ha Lugar* la querella presentada por el Recurrente. En esta, el Recurrente solicitó se revisara la Notificación de Violaciones y Multas emitida por el Negociado de Impuesto al Consumo del Departamento de Hacienda (el Negociado), mediante la cual se le impuso al señor Román Chico una multa administrativa de $5,000.00 por violación a la Sección 3050.03 del Código de Rentas Internas de Puerto Rico de 2011, Ley 1-2011, según enmendada al 19 de septiembre de 2014, 13 LPRA

Número Identificador

SEN(RES)2023_____

sec. 30011 *et seq.*, y sostuvo la multa impuesta al recurrente por el Negociado.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Resolución* recurrida.

**I**

Según surge del expediente ante nos, el 24 de febrero de 2021 el Área de Rentas Internas del Departamento de Hacienda ("Área de Rentas Internas"), en específico, la División de Cumplimientos del Negociado de Impuesto al Consumo ("Negociado"), visitó el Colmado El Mangó y emitió un documento intitulado *Inspección de Negocio-Notificación de Violaciones y Multas-Subtítulos C, E, y F.* Mediante la aludida notificación, procedió a emitir una multa de $500.00 al establecimiento por operar "cuatro o más maquinas o artefacto de pasatiempo manipulado con monedas o fichas, sin el pago de derechos licencias", en violación a la Sección 3050.03 del Código de Rentas Internas, Ley Núm. 1 de 31 de enero de 2011, según enmendada, 13 LPRA sec. 31713.[1]

Posteriormente, 29 de septiembre de 2021, el Área de Rentas Internas del Departamento de Hacienda cursó al Recurrente *Notificación de Multas Administrativas.* Mediante ésta, notificó al señor Román Chico que en la inspección realizada el 19 de septiembre de 2021 al Colmado El Mangó, la Agente Agnes Santiago, encontró que en el establecimiento operaban cuatro o más máquinas de artefactos de pasatiempo manipulados con monedas o fichas, sin el pago de derechos de licencias, en violación a la Sección 3050.03 del Código de Rentas Internas, 13 LPRA sec. 31713, por lo que se le impuso una multa de $5,000.00.[2]

En desacuerdo con la multa impuesta, el 28 de octubre de 2021, el señor Román Chico presentó *Querella Administrativa* ante

---

[1] *Véase* páginas 5-6 del Apéndice del Recurso de Revisión Judicial.
[2] *Véase* Expediente Administrativo en el caso 2021-LIC-278.

la Secretaría de Procedimiento Adjudicativo del Departamento de Hacienda.[3] El Recurrente alegó en la *Querella Administrativa* que a partir de las enmiendas al Código de Rentas Internas y las Cartas Circulares emitidas por el Departamento de Hacienda, la multa a emitirse por violaciones a la Sección 3050.03 del Código de Rentas Internas, *supra,* es de $500.00 por cada violación. Por lo cual, estableció que la multa emitida de $5,000.00 es nula de su faz. De igual forma, el Recurrente alegó que, en todo caso, el Departamento de Hacienda carece de jurisdicción para requerir licencia de espacio sobre los artefactos de pasatiempo que operaban en el Colmado El Mangó, toda vez que se trata de equipos que por ley no tiene facultad para regular. Sostuvo, además, que en dicho local operaban máquinas de azar en ruta, debidamente autorizadas por la Comisión de Juegos de Puerto Rico, quien es la única entidad con jurisdicción sobre éstas.

En respuesta, el 13 de julio de 2022, el Negociado presentó *Contestación a la Querella por Violación Por Segunda Vez a la Sección 3050.03.*[4] En lo pertinente, el Negociado sostuvo que el Recurrente aparece registrado en el Registro de Comerciantes del Departamento de Hacienda y que el día de la inspección éste no contaba con la licencia de rentas internas vigente. De igual forma, aclaró que la *Ley de la Comisión de Juegos del Gobierno de Puerto Rico,* Ley Núm. 81 de 29 de julio de 2019, 15 LPRA sec. 981 *et seq.,* según enmendada, y la *Ley de Juegos de Azar y Autorización de Máquinas Tragamonedas en los Casinos*, Ley Núm. 221 de 15 de mayo de 1948, 15 LPRA sec. 71 *et seq.,* **no** privaron de jurisdicción al Departamento de Hacienda para fiscalizar los establecimientos que operan artefactos por ficheros. Finalmente, expuso el Negociado que procede la multa de $5,000.00, puesto que el Recurrente había

---

[3] *Véase* páginas 7-9 del Apéndice del Recurso de Revisión Judicial.
[4] *Véase* páginas 10-12 del Apéndice del Recurso de Revisión Judicial.

infringido la Sección 3050.03 del Código de Rentas Internas, *supra,* en más de una ocasión.

Así las cosas, el 4 de mayo de 2023, la Secretaría de Procedimientos Adjudicativos celebró vista administrativa. Durante la vista prestaron testimonio los agentes de Rentas Internas del Negociado, Agnes Santiago y Mariano Rolón Mojica.

Evaluados los testimonios de las partes, el 7 de julio de 2023 la Secretaría de Procedimientos Adjudicativos emitió y notificó la *Resolución* recurrida, en la que formuló las siguientes determinaciones de hechos:[5]

1. El 24 de febrero de 2021, los agentes de Rentas Internas visitaron y multaron por primera vez al Querellante, bajo la Sección 3050.03 del Código [de] [Rentas] [Internas] imponiéndole una multa administrativa por la cantidad de $500.00.

2. El 19 de septiembre de 2021, los Agentes de Rentas internas visitaron y multaron por segunda vez al Querellante, bajo la Sección 3050.03 del Código [de] [Rentas] [Internas] imponiéndole una multa administrativa por la cantidad de $5,000.00 por reincidencia a la misma disposición infringida.

3. En el local comercial del Querellante había en el momento de la inspección, 4 máquinas de pasatiempo operadas por ficheros.

4. El querellante no contaba con una licencia requerida en todo negocio, establecimiento o local donde operen cuatro (4) o más máquinas o artefactos de pasatiempo manipulados con monedas o fichas.[6]

En esencia, la Secretaría de Procedimientos Adjudicativos concluyó que en la vista administrativa los Agentes de Rentas Internas demostraron que el señor Román Chico infringió la Sección 3050.03 del Código de Rentas Internas, *supra,* en dos ocasiones. Determinó que el Negociado probó que el negocio El Mangó fue multado por primera vez el 24 de febrero de 2021. Concluyó, además, que en la inspección realizada el 19 de septiembre de 2021, los Agentes de Rentas Internas encontraron cuatro máquinas de pasatiempo operadas sin ficheros sin la debida licencia de espacio

---

[5] *Véase* páginas 1-5 del Apéndice del Recurso de Revisión Judicial.
[6] *Véase* Resolución recurrida, páginas 1-4 del Apéndice del Recurso de Revisión Judicial.

requerida, y que, al probarse una segunda infracción, la multa ascendió a $5,000 por reincidencia. Inconforme, el 5 de julio de 2023, el Recurrente presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte de la Secretaría de Procedimiento Adjudicativo:

> ERRÓ EL DEPARTAMENTO DE HACIENDA AL CONCLUIR QUE LOS EQUIPOS INSTALADOS EN EL NEGOCIO DEL PETICIONARIO ESTÁN BAJO LA JURISDICCIÓN DEL DEPARTAMENTO DE HACIENDA Y QUE POR ENDE SE NECESITA UNA LICENCIA BAJO LA SECCIÓN 3050.03 DEL CÓDIGO DE RENTAS INTERNAS PARA OPERAR CUATRO (4) O MÁS DE LOS MISMOS.

> ERRÓ EL DEPARTAMENTO DE HACIENDA AL NO DECLARAR HA LUGAR LA QUERELLA RADICADA, ESTO POR LA NOTIFICACIÓN DE MULTA SER EMITIDA DE MANERA DEFICIENTE EN VIOLACIÓN AL DEBIDO PROCESO DE LEY DEL PETICIONARIO.

A solicitud del Recurrente, el 8 de agosto de 2023, emitimos *Resolución* en la que le ordenamos presentar la transcripción de la prueba oral estipulada. El 29 de agosto de 2023, el Recurrente presentó *Moción en Cumplimiento de Resolución* conjuntamente con la Transcripción de la Vista celebrada el 4 de mayo de 2023 en la Secretaría de Procedimiento Adjudicativo

El 28 de septiembre de 2023, el señor Román Chico presentó *Alegato Suplementario* en el que reiteró sus alegaciones en torno a la falta de jurisdicción del Departamento de Hacienda. En lo pertinente, razona el Recurrente que el Negociado no puede contar con equipos que se encuentran fuera de su jurisdicción para llegar a la suma de cuatro equipos.

Por su parte, el Negociado comparece ante nosotros mediante *Escrito en Cumplimiento de Orden* presentado el 17 de octubre de 2023. En ajustada síntesis, el Negociado sostiene que la penalidad impuesta al Recurrente se debe al incumplimiento de éste con el pago del derecho de licencia para operar en un establecimiento con cuatro o más máquinas de entretenimiento manipuladas por

monedas o ficheros, conforme a las disposiciones del Código de Rentas Internas. Finalmente, razona el Negociado que a la luz de la prueba presentada la penalidad de $5,000.00 impuesta al Recurrente al amparo de la Sección 3050.03 del Código de Rentas Internas, *supra,* es correcta y conforme a derecho. Señaló que en caso de reincidencia sobre la misma disposición infringida, la citada Ley dispone que la multa administrativa no será menor de $5,000 por cada infracción.

**II.**

**A.**

La revisión judicial de las decisiones administrativas tiene como fin garantizar que los ciudadanos tengan un foro al cual acudir para vindicar sus derechos y para obtener un remedio frente a posibles actuaciones arbitrarias. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 435 (1997); *Hernández Denton v. Quiñones Desdier,* 102 DPR 218, 223-224 (1974). Este proceso "forma parte de un trámite apelativo cuyo diseño responde al principio constitucional de mayor acceso a los tribunales". *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 302 (2016) citando a *Méndez v. Corp. Quintas San Luis,* 127 DPR 635, 637 (1991).

La Ley Núm. 38 de 30 de junio de 2017, según enmendada, mejor conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* ("LPAU"), 3 LPRA sec. 9601 *et seq.*, dispone el alcance de la revisión judicial de las determinaciones de las agencias. Sec. 4.5 de la LPAU, *supra.* Tanto la referida Ley como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T–JAC v. Caguas Centrum,* 148 DPR 70, 80 (1999).

Ahora bien, es norma reiterada en nuestro ordenamiento jurídico que los tribunales apelativos debemos conceder deferencia a las decisiones de las agencias administrativas. *Torres Rivera v. Policía de PR,* 196 DPR 606, 626 (2016). Esto se debe a la experiencia y el conocimiento especializado que éstas poseen sobre los asuntos que se les han delegado. *Íd.* (Escolio omitido). Es sabido que las determinaciones de una agencia administrativa gozan de una presunción de corrección. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 128 (2019).

Los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581, 591 (2020). (Cita omitida).

A tenor con lo anterior, los tribunales deben deferencia a las agencias administrativas salvo que: (1) las determinaciones no estén basadas en evidencia sustancial; (2) las conclusiones de derecho fueran incorrectas; (3) la agencia actuara de forma arbitraria, irrazonable o ilegal; o (4) que lesionara derechos fundamentales. *Super Asphalt v. AFI y otro,* 206 DPR 803, 819 (2021)*; Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018). En ausencia de ello, "aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida". *Super Asphalt v. AFI y otro, supra; ECP Incorporated v. OCS,* 205 DPR 268, 281-282 (2020).

Por consiguiente, la deferencia cede, por ejemplo, cuando la agencia no se fundamenta en evidencia sustancial. "A esos fines, evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una

conclusión". *Capó Cruz v. Jta. de Planificación et al., supra.* Es decir, como excepción los tribunales pueden intervenir con las determinaciones de hechos de una agencia cuando no están sustentadas por el expediente, ya que el foro judicial no debe sustituir su criterio por el del foro administrativo si hizo una interpretación razonable de los hechos. *OCS v. Point Guard Ins.*, 205 DPR 1005, 1027 (2020). (Citas y comillas omitidas). En lo que respecta a las determinaciones de derecho estas pueden ser revisadas en su totalidad". *Capó Cruz v. Jta. de Planificación et al., supra.*

**B.**

El Código de Rentas Internas de Puerto Rico de 2011, Ley Núm.1 de 31 de enero de 2011, según enmendada, 13 LPRA sec. 30011 *et seq.* ("Código de Rentas Internas"), define las condiciones y requerimientos legales aplicables a determinadas actividades comerciales.

En lo pertinente a los derechos de licencia para la operación de máquinas de entretenimiento manejadas con monedas en determinado establecimiento o negocio, la Sección 3050.02 del Código de Rentas Internas, *supra,* provee expresamente lo siguiente:

> (a) Cualquier persona que opere máquinas o artefactos de pasatiempo manipulados con monedas, tarjetas, fichas o artefactos similares, o mesas de billar, **deberá pagar un impuesto anual por concepto de derechos de licencia** por la cantidad que se establece a continuación:
>
> (1) A los fines de esta Sección, y de las otras disposiciones aplicables de este Subtítulo, los siguientes términos tendrán el significado que a continuación se expresa:
>
> (A) "Máquinas de entretenimiento de adultos" se refiere a las máquinas que no contengan los mecanismos o dispositivos característicos de las Máquinas de Juego de Azar y las máquinas de video y juego electrónico **manipulado con monedas**, tarjetas, fichas o artefactos similares […].
>
> (B) "Máquinas de Juego de Azar" se refiere a las máquinas que usan un elemento de azar para pagar premios, establecidos en esta Ley y en la Sección 3 de

la Ley Núm. 11 de 22 de Agosto de 1933, según enmendada, conocida como "Ley de Máquinas de Juegos de Azar". 13 LPRA sec. 31712. (Énfasis y subrayado nuestro).

La Sección antes citada, consigna la obligación de pagar un impuesto anual para los derechos de una licencia, cuando un establecimiento opere máquinas o artefactos de pasatiempos manipulados con monedas. *Íd.*

A esos fines, cuando determinado negocio opere cierta cantidad de máquinas de entretenimiento manipuladas por fichas o monedas, la Sección 3050.03 del Código de Rentas Internas, *supra,* establece lo siguiente:

> Toda persona que opere un negocio, establecimiento o local **donde operen cuatro (4) o más máquinas o artefactos de pasatiempo manipulados con monedas o ficha, o mesas de billar, deberá pagar un impuesto anual por concepto de derechos de licencia por cada negocio, establecimiento o local, por la cantidad de doscientos (200) dólares.** La licencia deberá exhibirse en un lugar visible al público en general en el establecimiento, negocio o local para el cual se conceda la misma. [...]. 13 LPRA sec. 31713. (Énfasis nuestro).

De otro lado, el precitado Código de Rentas Internas, *supra,* faculta al Secretario de Hacienda a imponer multas administrativas por la violación de sus disposiciones. En lo pertinente, la Sección 6030.21 del Código de Rentas Internas, *supra*, dispone lo siguiente:

> (a) Toda persona que no cumpla con cualquier disposición de cualquier Subtítulo de este Código o de los reglamentos promulgados en virtud del mismo, o con cualquier otra ley o reglamento de Puerto Rico relacionado con este Código, o toda persona que ayude de cualquier modo a otra a violar las leyes y reglamentos relacionados, y para lo cual no se haya dispuesto específicamente de otra manera en cualquier Subtítulo de este Código, incurrirá en un delito menos grave.
>
> (b) **Multa Administrativa**. — Además de la pena impuesta en el apartado (a) de esta Sección, **el Secretario podrá imponer una multa administrativa que no excederá de quinientos (500) dólares por cada violación**. En caso de reincidencia a la misma disposición infringida, la multa administrativa no será menor a cinco mil (5,000) dólares por cada infracción.
>
> (c)[...].
>
> (d) Para propósitos de esta Sección, **se entenderá que una persona ha reincidido en la misma violación a**

**las disposiciones de este Código, cuando se incurre en la misma, o sustancialmente la misma actuación u omisión por la que se multó a la persona bajo el apartado (b)** o se procesó judicialmente bajo el apartado (a), **todo dentro de un periodo de diez (10) años.** 13 LPRA sec. 33091. (Énfasis suplido).

### III.

Es la contención del Recurrente que incidió el Departamento de Hacienda al concluir que los equipos instalados están bajo su jurisdicción y que por ello es necesario tener una licencia expedida al amparo de la sección 3050.03 del Código de Rentas Internas, *supra*. Señala que procede revocar la multa impuesta toda vez que los equipos que operaba en el Colmado El Mangó eran máquinas de juegos de azar en ruta. Razona el Recurrente que por ello, es la Comisión de Juegos del Gobierno de Puerto Rico ("Comisión de Juegos") y no el Departamento de Hacienda, la agencia con jurisdicción. Sostiene, además, que erró la Secretaría de Procedimientos Adjudicativos del Departamento de Hacienda al denegar su querella cuando según su razonamiento, la notificación de la multa por parte del Negociado fue defectuosa.

En el presente caso, mediante la *Notificación de Multas Administrativas* cursada por el Departamento de Hacienda se notificó al señor Román Chico que en la inspección realizada el 19 de septiembre de 2021 al Colmado El Mangó, se encontró que en el establecimiento operaban cuatro o más máquinas de artefactos de pasatiempo manipulados con monedas o fichas, sin el pago de derechos de licencias. Ello, constituyó una violación a la Sección 3050.03 del Código de Rentas Internas, *supra,* y procedía la imposición de una multa de $5,000.00. De un examen a dicha notificación surge la disposición legal que infringió el Recurrente, la conducta infringida, la cuantía de la multa, así como que ésta fue el resultado de una inspección realizada en una fecha determinada. Con estos antecedentes es forzoso concluir que, contrario a lo

esbozado por el señor Román Chico, la notificación de la multa no fue deficiente.

Establecido lo anterior, es preciso destacar que la Sección 3050.03 del Código de Rentas Internas, *supra*, exige a toda persona o negocio que operara cuatro (4) o más máquinas de pasatiempo manipuladas por monedas, pagar el impuesto pertinente por concepto de licencia, por lo que, dado a que la parte recurrente incumplió con dicho mandato, correspondía que se le impusiera la penalidad debida. Si bien la Sección 6030.21 incisos (b) del Código de Rentas Internas fija una multa de $500 por cada violación, dicha disposición es clara en cuanto a que en caso de reincidencia la multa será no menor de $5,000.00.

Según surge de la transcripción de la prueba oral, la Agente Agnes Santiago prestó testimonio sobre las inspecciones al Colmado El Mangó. Particularmente, ésta declaró que, durante la primera visita al local, orientó al señor Román Chico sobre los efectos de operar máquinas de entretenimiento y vellonera sin la licencia correspondiente. A su vez, declaró que en la segunda visita encontró que el establecimiento operaba tres (3) máquinas de entretenimiento y la vellonera en las mismas circunstancias que la visita anterior, esto es, sin licencia para su uso. A su vez, en la tercera visita orientó nuevamente al Recurrente sobre el hecho de que éste no tenía la licencia del establecimiento para operar las máquinas.[7] En cuanto a la posición de la agencia, el Agente Mariano Rolón declaró que en sus visitas el Recurrente no le mostró la licencia del establecimiento para operar las máquinas.[8] Ambos testigos declararon que en la primera visita se impuso al Recurrente una multa de $500 que fue pagada por éste sin haberla impugnado en aquella ocasión, y que el

---

[7] Véase Transcripción de la Prueba Oral (TPO), página 3, líneas 4-7 y líneas 20-25; página 4, líneas 1-4.
[8] Véase TPO página 3 Líneas 7-8 y Líneas 14-24.

presente caso trataba de una segunda visita.[9]   En torno a la naturaleza de la multa, la Agente Agnes Santiago declaró que la multa impuesta procedía porque las máquinas tenían cuatro ficheros y por lo tanto era requerido tener licencia para operar en el establecimiento.[10]

Enfatizamos la prueba desfilada en la vista y creída por la agencia, demostró que la multa impugnada se trataba de una segunda infracción del Recurrente a la Sección 3050.03 del Código de Rentas Internas, *supra.* Es decir, la multa respondía a la reincidencia del Recurrente de operar máquinas de monedas sin la licencia requerida en ley. Por lo cual, resolvemos que no incidió el Departamento de Hacienda al imponer al Recurrente la multa $5,000 objeto de revisión en el recurso de epígrafe.  Conforme a la Sección 6030.21 incisos (b) y (d) del Código de Rentas Internas, *supra,* en caso de reincidencia a la misma disposición infringida la multa no será menor de $5,000.00.

Las infracciones advertidas al momento de la inspección administrativa en disputa pusieron de manifiesto la conducta punible expresamente definida en la Sección 3050.03 del Código de Rentas Internas, *supra,* y para la cual, la Sección 6030.21, *supra,* provee una sanción determinada. La agencia recurrida consideró toda la prueba sometida, particularmente los testimonios de los agentes de Rentas Internas que intervinieron en la inspección, que reveló la operación de cuatro (4) máquinas de entretenimiento sin poseer licencia.  Así las cosas, la Secretaría de Procedimiento Adjudicativo interpretó y aplicó el derecho correctamente ante las disposiciones legales claras establecidas en el Código de Rentas Internas, *supra,* que provee la penalidad aplicable a los casos de reincidencia a la misma disposición infringida.

---

[9] Véase TPO, página 5, Líneas 1-17 y Líneas 20-24.
[10] Véase TPO, página 12, Líneas 18-25; página 13, Líneas 1-2.

Advertimos que la Sección 3050.0, *supra,* instituye las condiciones para la operación legal de cuatro (4) o más máquinas o artefactos de pasatiempo manipulados con moneda o ficha en determinado establecimiento. La multa por el incumplimiento con dicha disposición está establecida en la Sección 6030.21, *supra,* la cual expresamente fija la cantidad de la multa aplicable por cada violación a las disposiciones del Código de Rentas Internas, y además, establece la multa aplicable en casos de reincidencia. En el caso de epígrafe, la prueba desfilada en la vista estableció el incumplimiento del Recurrente con lo dispuesto en la aludida Sección 3050.0, *supra,* y su reincidencia, por lo que es forzoso, sostener la corrección de la Resolución recurrida. En esa dirección, concluimos que, a la luz de la prueba presentada, la penalidad de $5,000 impuesta al Recurrente al amparo de la Sección 3050.03 del Código de Rentas Internas, *supra,* es correcta y conforme a derecho.

**IV.**

Por los fundamentos anteriormente expuestos, **confirmamos** la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones