<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VII</td></tr>
<tr>
<td>WANDA I. RODRÍGUEZ COLÓN<br><br>Recurrente<br><br><br>v.<br><br><br>JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO<br><br>Recurrida</td>
<td>KLRA202400052</td>
<td>Revisión Judicial procedente de la Junta de Retiro del Gobierno de Puerto Rico<br><br>Sobre: Pensión por Edad y Años de Servicio<br><br>Caso Número: 2023-0004</td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de febrero de 2024.

La recurrente, señora Wanda I. Rodríguez Colón, comparece ante nos para que dejemos sin efecto la *Resolución* emitida por la Junta de Retiro del Gobierno de Puerto Rico (Junta de Retiro), el 21 de noviembre de 2023 y notificada el 29 de noviembre de 2023. Mediante la misma, la Junta de Retiro confirmó una previa determinación por la cual se le denegó a la recurrente una solicitud sobre beneficios de pensión por edad y años de servicio a la recurrente.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

**I**

Conforme surge del expediente que nos ocupa, el 29 de noviembre de 2023, la Junta de Retiro notificó la *Resolución* administrativa aquí recurrida. En descuerdo con la misma, y dentro del término legal aplicable, el 13 de diciembre de 2023, la recurrente

Número Identificador

RES/SEN2024_____

presentó a la consideración del referido organismo una *Solicitud de Reconsideración.* La Junta de Retiro no actuó sobre la misma.

Así las cosas, el 31 de enero de 2024, la recurrente compareció ante nos mediante el presente recurso de revisión judicial. En el mismo formula el siguiente planteamiento:

> Erró la Honorable Junta de Retiro del Gobierno de Puerto Rico al denegar la solicitud de la parte apelante de que se liquidara en un solo pago la cantidad de $9,454.62 pertenecientes a la parte apelante por concepto de su aportación al retiro.

Procedemos a expresarnos de conformidad con la norma que dispone del trámite de la presente causa.

**II**

**A**

Sabido es que la *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una determinación administrativa. Conforme lo dispuesto en la sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017:

> Una parte afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable a las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. [...].

> 3 LPRA sec. 9655. (Énfasis nuestro.)

En armonía a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, establece igual término para la formalización de un recurso de revisión judicial, disponiéndose que el mismo es de carácter jurisdiccional, no susceptible a interrupción.

Por su parte, la moción de reconsideración está expresamente regulada por lo dispuesto en la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, en su sección 3.15. En lo pertinente, dispone como sigue:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.**

[...] (Énfasis nuestro.)

**B**

Finalmente, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *SLG. Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede

considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. de Corrección,* 209 DPR 288, 299 (2022); *Ruiz Camilo v. Trafon Group Inc.,* supra. Así pues, su presentación no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo. *Báez Figueroa v. Adm. de Corrección,* supra. Sobre la materia particular que atendemos, la jurisprudencia vigente expone que "un recurso de revisión tardío […] representa […] un escenario puntual que pone de manifiesto la ausencia de jurisdicción". *Íd,* citando a *JMG Investment v. ELA et al.,* 203 DPR 708, 714 (2019).

**III**

Siendo tardío el recurso de epígrafe, estamos impedidos de entender sobre sus méritos. De los documentos de autos se desprende que la *Resolución* recurrida se notificó el 29 de noviembre de 2023. Desde dicha fecha comenzó a decursar el término legal de veinte (20) días establecido para presentar una moción de reconsideración ante la Junta de Retiro. Habiendo actuado de conformidad el 13 de diciembre de 2023, la gestión de la recurrente fue una oportuna. Ahora bien, desde esta última fecha comenzó a transcurrir el término de **quince (15) días** dispuesto para que el Organismo se expresara en torno a la *Solicitud de Reconsideración* promovida por la recurrente. El mismo venció el día 28 de diciembre de 2023 sin que la Junta de Retiro se expresara.

Toda vez que la Junta de Retiro no acogió, en forma alguna, la reconsideración en controversia, desde el 28 de diciembre de 2023 comenzó a decursar el término jurisdiccional de treinta (30) días

estatuido en la Ley 38-2017, *supra,* para que la recurrente compareciera ante nos mediante un oportuno recurso de revisión judicial. Dicho plazo venció el lunes 29 de enero de 2024. Por tanto, habiendo presentado su causa 31 de enero del año en curso, ello en exceso de dos (2) días del término jurisdiccional, no podemos, sino, declarar nuestra falta de jurisdicción sobre el asunto.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones