Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| MUNICIPIO DE SAN JUAN<br><br>Peticionario<br><br>v.<br><br>LUZ EVELYN GONZÁLEZ SÁNCHEZ<br><br>Recurrido | KLCE202400321 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria<br><br>Caso Número: SJ2022CV04000 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2024.

El peticionario, Municipio de San Juan, comparece ante nos para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de San Juan, el 4 de enero de 2024. Mediante la misma, el foro primario declaró *No Ha Lugar* una solicitud de relevo de nombramiento de defensor judicial, e impuso al peticionario la obligación de satisfacer los honorarios de este, todo dentro de una acción civil sobre ejecución de hipoteca y cobro de dinero promovida en contra de, entre otras partes, la señora Luz Evelyn González Sánchez (recurrida).

Por los fundamentos que expondremos a continuación, se desestima el presente auto por falta de jurisdicción.

**I**

El 19 de mayo de 2022, el peticionario presentó la demanda de epígrafe. Tras múltiples pormenores procesales, mediante *Resolución y Orden* del 2 de junio de 2023, el Tribunal de Primera Instancia designó al licenciado Reinaldo Camps del Valle como el

Número Identificador
RES2024 _____

defensor judicial de la aquí recurrida, toda vez su padecimiento de *alzheimer.*

Mediante moción del 14 de diciembre de 2023, el Municipio peticionario solicitó al tribunal primario el relevo de defensor judicial designado. Tras entender sobre sus planteamientos, el 4 de enero de 2024, el Tribunal de Primera Instancia denegó la referida solicitud, e impuso al Municipio peticionario la obligación de satisfacer los honorarios correspondientes. En desacuerdo, el 17 de enero siguiente, el Municipio presentó una *Moción de Reconsideración,* la cual fue denegada mediante *Resolución* notificada el 18 de enero de 2024.

Inconforme, el 15 de marzo de 2024, el Municipio peticionario compareció ante nos mediante el presente recurso de *certiorari.* Por su parte, el 18 de marzo de 2024, la recurrida compareció ante nos mediante una *Moción de Desestimación por Falta de Jurisdicción.* En la misma expuso que la presentación del recurso de epígrafe fue una tardía. El 25 de marzo del año en curso, el Municipio presentó su *Oposición a Moción de Desestimación.*

Procedemos a expresarnos de conformidad con las normas atinentes a su trámite en alzada.

**II**

La jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *SLG. Solá Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera

otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. de Corrección,* 209 DPR 288, 299 (2022); *Ruiz Camilo v. Trafon Group Inc.,* supra. Así pues, su presentación no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo. *Báez Figueroa v. Adm. de Corrección,* supra.

De otro lado, en materia de derecho apelativo y conforme al ordenamiento procesal vigente, la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b) establece que los recursos de *certiorari* sometidos a la consideración del Tribunal de Apelaciones para revisar resoluciones u órdenes finales emitidas por un Tribunal de Primera Instancia, deberán ser presentados dentro del plazo de treinta (30) días, contados a partir de la fecha de la *notificación* del pronunciamiento que trate. Por su parte, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (D), establece igual periodo para la formalización de dicho recurso. El antes aludido término es uno de estricto cumplimiento, admitiendo, de este modo, la existencia de justa causa de mediar algún incumplimiento. Destacamos que el plazo antes aludido también es de aplicación cuando un litigante interesa recurrir de una resolución interlocutoria emitida por un tribunal primario, **aun**

**dentro de un caso en el que el Estado o sus municipios son parte**. *Abrams Rivera v. ELA,* 178 DPR 914, 929 (2010).

### III

Siendo tardía la causa epígrafe, resulta forzoso concluir que estamos impedidos de ejercer nuestras funciones revisoras respecto a sus méritos. Tal cual esbozáramos, la parte que interese la revisión en alzada de una resolución interlocutoria emitida por un tribunal primario con competencia dispone de un término legal y reglamentario de treinta (30) días, contados a partir de la fecha de la notificación del pronunciamiento que trate, para presentar el correspondiente recurso de *certiorari.* En lo concerniente, el ordenamiento jurídico es enfático al establecer que dicho plazo también es de aplicación cuando se acude en alzada de un pronunciamiento de la referida naturaleza, aun en casos en los que el Estado o sus municipios sean parte.

Según surge, el Municipio peticionario impugna una resolución de carácter interlocutorio notificada el 4 de enero de 2024. Respecto a la misma, oportunamente presentó una solicitud de reconsideración, la cual fue denegada mediante *Resolución* del 18 de enero del año corriente. En la aplicación de la norma antes esbozada, y partiendo desde esta última fecha, el Municipio compareciente disponía hasta en o antes del sábado 17 de febrero de 2024, que, por ser fin de semana y tras ser, el lunes 19 de febrero siguiente, día feriado, se trasladaba hasta el martes 20 de febrero de 2024. Siendo así, y en ausencia de justa causa que excuse su incumplimiento con la norma pertinente, toda vez que el Municipio peticionario presentó el recurso de autos el 15 de marzo de 2024, ello a veinticuatro (24) días de vencido el plazo de treinta (30) días aplicable, solo podemos declararnos sin jurisdicción para intervenir con el mismo. Destacamos que la complejidad del manejo de las

operaciones del Municipio, no es excusa para la radicación tardía de su recurso.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones