Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ RAÚL PAGÁN DIEPPA Y OTROS<br><br>Apelados<br><br>v.<br><br>HOSPITAL GENERAL MENONITA, INC. Y OTROS<br><br>Apelante | KLAN202400481 | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Sobre:<br>Daños y Perjuicios<br><br>Caso Núm.:<br>CG2020CV00904 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y el Juez Salgado Schwarz

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Los apelantes, doctor Ángel Nazario Rodríguez y el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Profesional Médico Hospitalaria (SIMED), comparecen ante nos para que dejemos sin efecto la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala de Caguas, el 9 de febrero de 2024, notificada el 12 de febrero de 2024. Mediante la misma, el tribunal primario archivó, sin perjuicio, una reclamación sobre impericia médica promovida por el aquí apelado, señor José Raúl Pagán Dieppa.

Por los fundamentos que anteceden, se desestima el presente recurso por falta de jurisdicción.

### I

El 27 de marzo de 2024, los aquí apelantes comparecieron ante nos mediante un primer recurso de apelación de denominación alfanumérica KLAN202400300. En virtud del mismo, solicitaron la revocación de la *Sentencia Parcial* notificada el 12 de febrero de 2024. No obstante, mediante *Sentencia* del 5 de abril de 2024, este

Número Identificador

SEN2024 _____

Foro desestimó el recurso de referencia bajo el fundamento de falta de jurisdicción por razón de prematuro. Lo anterior, toda vez que el Tribunal de Primera Instancia no había notificado la adjudicación de una solicitud de reconsideración a una de las partes en el pleito. Del sistema de notificaciones de este Tribunal, surge que el correspondiente mandato del antedicho dictamen aún no ha sido remitido al Tribunal de Primera Instancia.

Así las cosas, 16 de abril de 2024, el foro primario re notificó su determinación sobre la solicitud de reconsideración a todas las partes en el pleito. El 14 de mayo de 2024, los apelantes presentaron el recurso de epígrafe.

Procedemos a expresarnos a tenor con la norma que dispone de su trámite apelativo.

## II

### A

La jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *SLG Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede

considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 299 (2022). Un recurso en alzada que se presenta antes de tiempo no produce efecto jurídico alguno, puesto que no existe autoridad judicial para acogerlo. *Íd.*

**B**

Por su parte, la Regla 84 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 84 (E), dispone:

[...]

(E) [t]ranscurridos diez (10) días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, el Secretario(a) enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando éste haya sido elevado.

El *mandato* constituye el "medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué determinación ha tomado sobre la sentencia objeto de revisión y ordenarle a actuar de conformidad con la misma". *Colón y otros v. Frito Lays,* 186 DPR 135, 151 (2012); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 301 (2012). Una vez el tribunal revisor se pronuncia en torno a una controversia sometida al ejercicio de sus funciones, y el dictamen correspondiente adviene a ser final y firme, se enviará el mandato pertinente al tribunal recurrido. "Es en ese momento que el recurso que estaba ante la consideración del foro revisor concluye para todos los fines legales, por lo que se entiende que no es hasta entonces

que éste pierde jurisdicción en lo concerniente al asunto". *Colón y otros v. Frito Lays,* supra, a la pág. 153.

La remisión de un mandato al foro primario incide directamente en sus facultades jurisdiccionales sobre la controversia devuelta a su consideración. Ello así, puesto que un tribunal sujeto a revisión no está facultado para continuar con los procedimientos y ejecutar los dictámenes de la sentencia emitida en alzada, hasta tanto no reciba la aludida notificación. Una vez paralizados los procedimientos en el tribunal de origen, este pierde su autoridad para atender las controversias planteadas en alzada, y no vuelve a ostentar jurisdicción sobre las mismas hasta tanto el tribunal intermedio le remite el correspondiente mandato. *Colón y otros v. Frito Lays,* supra, pág. 154. "Lo anterior tiene el efecto ineludible de que toda actuación realizada por el foro revisado, luego de que los asuntos han quedado paralizados y previo a recibir el mandato, será completamente nula". *Íd.,* pág. 154.

### III

Al examinar el caso de autos, no podemos sino concluir que estamos impedidos de entender sobre los méritos que plantea. No habiéndose emitido el mandato pertinente a la *Sentencia* emitida por este Foro en cuanto recurso KLAN202400300, el Juzgador de hechos carecía de autoridad para dar curso a trámite alguno relacionado a la controversia entre las partes. Tal cual expusiéramos, una vez paralizados los procedimientos en el tribunal de origen, por razón de encontrarse el asunto bajo la consideración del tribunal revisor, el primero pierde su facultad para atender los asuntos planteados en alzada, y no vuelve a ostentar jurisdicción sobre los mismos hasta tanto el tribunal intermedio remite el correspondiente mandato. En caso de que, previo a recibir el mismo, el foro primario actúe al respecto, todo pronunciamiento que emita se entenderá como nulo. Ello así, puesto que el foro intermedio

retiene la jurisdicción de la controversia de que trate, hasta tanto se cumpla la incidencia procesal en disputa.

En la presente causa, surge que, el Tribunal de Primera Instancia, a pesar de que el caso de epígrafe estaba paralizado por razón de la presentación del KLAN202400300, atendió una solicitud promovida por los apelantes, a los fines de que el tribunal de origen notificara determinación emitida en cuanto a la solicitud de reconsideración en controversia a todas las partes en pleito. Ante ello, el tribunal actuó de conformidad previo a emitirse el correspondiente mandato de lo resuelto. Siendo de este modo, y a tenor con el derecho antes esbozado, corresponde concluir que la referida gestión adjudicativa, por haberse efectuado sin jurisdicción, es nula. Lo anterior, en consecuencia, suprime la eficacia jurídica del recurso de epígrafe, siendo la desestimación, por razón de ser prematuro, el único remedio en ley que podemos proveer respecto al mismo. Así, hasta tanto el Tribunal de Primera Instancia no reciba el mandato atinente a la *Sentencia* emitida con relación al recurso KLAN202400300, así como el correspondiente al recurso de epígrafe, está impedido de re notificar correctamente la adjudicación de la reconsideración.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones