Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| ALEJANDRO CASTILLO TORRES<br><br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLEM202400002 | Sobre: Solicitud de Incentivo Federal Cov-19 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de agosto de 2024.

El peticionario, señor Alejandro Castillo Torres, comparece ante nos y solicita que proveamos para la concesión de ciertos beneficios económicos relacionados a las ayudas gubernamentales ofrecidas por motivo de la pandemia declarada en el año 2020.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso.

**I**

El peticionario es miembro de la población penal del Complejo Correccional de Bayamón. El 15 de julio de 2024, compareció ante nos mediante el recurso de epígrafe. En el mismo reputa como "inconstitucional" el hecho de que no se le hayan otorgados ciertos beneficios económicos correspondientes al tiempo de pandemia, ello a pesar de, alegadamente, haberlos solicitado dentro del periodo establecido. Así, nos solicita que proveamos para que se le "otorgue el beneficio de las ayudas" antes indicadas.[1] El peticionario acompaña su recurso solo con copia de una boleta del

---

[1] Véase *Solicitud de Revisión Judicial, pág. 2.*

Número Identificador

RES2024_____

Departamento de Hacienda intitulada *Cuestionario para los Pagos de Impacto Económico de Confinados,* por él suscrita el 14 de septiembre de 2021.

Procedemos a expresarnos.

**II**

**A**

La jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al.,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *SLG Solá Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

**B**

Por su parte y pertinente a lo que nos ocupa, en virtud de lo dispuesto en el Artículo 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 21-2003, 4 LPRA sec. 24y(a), el Tribunal de Apelaciones tiene competencia para atender, mediante recurso de apelación toda sentencia *final* dictada por el Tribunal de Primera Instancia. De igual modo, también está

facultado para entender, mediante un recurso de revisión judicial, sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 4 LPRA sec. 24y(c).

**III**

En la presente causa, el remedio que solicita el aquí peticionario no es uno que compete a nuestra autoridad revisora. Su reclamo no impugna los méritos de una sentencia final emitida por el Tribunal de Primera Instancia, así como, tampoco, el de una decisión agencial final emitida en su contra por un organismo administrativo. La prueba documental con la que acompaña su recurso únicamente evidencia un trámite ante el Departamento de Hacienda cuya adjudicación no consta. Siendo así, por no estar legitimados para atender el remedio que solicita, nada podemos proveer sobre el asunto que se nos plantea. Así pues, únicamente nos resta declarar nuestra falta de jurisdicción sobre el recurso de epígrafe.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso por falta de jurisdicción.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones