ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ M. GÓMEZ HERRERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2026RA00183 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso núm.: 316-25-159<br><br>Sobre: Querella disciplinaria |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2026.

Comparece ante nos el señor José M. Gómez Herrera, miembro de la población correccional (en adelante, señor Gómez o recurrente), por derecho propio, mediante un escrito de *Revisión Judicial* presentado el 13 de abril de 2026 y solicita que revisemos la *Resolución* emitida por el Departamento de Corrección y Rehabilitación (en adelante, Departamento o recurrido), el 27 de febrero de 2026. Mediante el referido dictamen, el Departamento concluyó que el recurrente había violado varias disposiciones del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional.

Por los fundamentos que exponemos a continuación, ***desestimamos*** el recurso de epígrafe.

**I.**

El 2 de diciembre de 2025, se presentó un *Informe Disciplinario (Querella)*[1] contra el recurrente, en el cual se le imputó haber cometido actos de contrabando peligroso; posesión, fabricación o introducción de armas de

---

[1] Anejo Núm. 1 del recurso de *Revisión Judicial.*

fuego, armas blancas, materiales explosivos, sustancias químicas, y municiones; contrabando; y abuso o mal uso de privilegios. Al día siguiente, se le notificó dicha *Querella* al recurrente, junto con un *Reporte de Cargos*[2] donde se detallaba la conducta prohibida que le imputaban al señor Gómez.

El 18 de diciembre de 2025, el Departamento le notificó al recurrente una *Citación para Vista Administrativa Disciplinaria*[3], la cual se llevaría a cabo el 4 de febrero de 2026. Posteriormente, el 12 de febrero de 2026, el recurrido le envió al señor Gómez un *Formulario de Posposición de Vista Disciplinaria*[4] mediante la cual se le indicó que la vista pautada para el 4 de febrero de 2026 se pospondría para el 17 de febrero de 2026. El Departamento señaló como justa causa para la suspensión de la vista que confrontaban problemas con el servicio de internet.

Durante el trámite de la querella, el recurrente presentó una *Moción en solicitud de desestimación por violación al debido proceso de ley en su vertiente procesal*[5], mediante la cual señaló el alegado incumplimiento con el término reglamentario para presentar la querella. De los documentos que acompañan el recurso no surge una respuesta del Departamento a dicha moción.

La vista se celebró el 17 de febrero de 2026 y, en la misma fecha, el Departamento emitió la *Resolución*[6] recurrida mediante la cual determinó que el recurrente había violado la Regla 15, Código 106 y 107 y la Regla 16, Código 200 y 222 del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional de 8 de octubre de 2020, Núm. 9221. Como sanción se le impuso la "[p]rivación del privilegio de visita, comisaría, recreación activa, correspondencia (excepto legal), actividades especiales y cualquier otro privilegio que se le conceda en la institución por el término de sesenta (60)

---

[2] Anejo Núm. 2 del recurso de *Revisión Judicial.*
[3] Anejo Núm. 3 del recurso de *Revisión Judicial.*
[4] Anejo Núm. 4 del recurso de *Revisión Judicial.*
[5] Anejo Núm. 5-11 del recurso de *Revisión Judicial.* Hacemos constar que dicha moción tiene dos fechas distintas, 4 y 17 de febrero de 2026, por lo cual no podemos precisar la fecha en que fue presentada la misma.
[6] Anejo Núm. 12 del recurso de *Revisión Judicial.*

días, consecutiva con cualquier otra sanción." Dicha *Resolución* fue notificada al señor Gómez el 27 de febrero de 2026.

El 4 de marzo de 2026, el recurrente presentó una *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado*[7]. En su escrito, el señor Gómez señaló, por un lado, que la agencia no había establecido una justa causa válida para la suspensión de la vista, del 4 de febrero al 17 del mismo mes. Por otro lado, añadió que en la vista se le había violentado su derecho de ser asistido de un oficial investigador de vistas. Del expediente tampoco surge que el Departamento haya atendido dicha solicitud de reconsideración.

Así las cosas, el 13 de abril de 2026 el recurrente presentó el recurso de epígrafe en el que señaló los siguientes errores:

**ERRÓ LA ADMINISTRACIÓN DE CORRECCIÓN Y REHABILITACIÓN AL VIOLARLE EL UNI[C]O DERECHO PROCESAL QUE TIENE UN CONFINADO PARA DEFENDERSE DE UNA QUERELLA ADMINISTRATIVA.**

**ERRÓ LA ADMINISTRACIÓN DE CORRECCIÓN AL IGNORAR NUESTRA SOLICITUD DE SER ASISTIDO POR EL INVESTIGADOR DE QUERELLA.**

En su escrito, el señor Gómez nos solicita que revoquemos la *Resolución* recurrida. Sin embargo, no estableció fundamentos en derecho ni argumentó el porqué de su solicitud. Además, nos hemos percatado que el recurrente tampoco consignó los aranceles correspondientes al recurso de revisión ni tampoco presentó su solicitud para litigar como indigente.

Examinado el recurso y la totalidad del expediente, prescindimos de la comparecencia del recurrido a tenor con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), pág. 15.

---

[7] Anejo Núm. 13-16 del recurso de *Revisión Judicial.*

**II.**

**Falta de Jurisdicción por Incumplimiento con el Reglamento del Tribunal de Apelaciones**

Como es sabido, la jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *AAA v. UIA*, 199 DPR 638, 651-652 (2018). Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela, ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016). Asimismo, es norma reiterada en nuestro ordenamiento, que "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

Nuestro Tribunal Supremo ha sido constante en expresar que las cuestiones relativas a la jurisdicción constituyen materia privilegiada. *R&B Power, Inc. v. Junta de Subastas ASG, supra.* De manera que, deben ser resueltas con preferencia, pues, incide directamente sobre el poder que tiene un tribunal para adjudicar las controversias. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018). Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subastas ASG, supra.*

Por otro lado, las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *García Morales v. Mercado Rosario,* 190 DPR 632, 639 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

Conforme con lo anterior, los tribunales tenemos el deber ministerial de examinar y evaluar rigurosamente nuestra jurisdicción y, a esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 83 (C), confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción y cuando la parte no ha actuado con diligencia en el trámite del recurso.

De otra parte, las Reglas 57, 58 y 59 del Reglamento del Tribunal de Apelaciones, supra, establecen los requisitos que se deben cumplir para el perfeccionamiento de un recurso de revisión administrativa. En particular, la Regla 58 establece lo siguiente:

**(A) Presentación del recurso**

**El escrito inicial de revisión se formalizará con su presentación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.**

**La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación del recurso de revisión.** Por lo tanto, la fecha de presentación del recurso de revisión no se retrotraerá a la fecha en que se cargó electrónicamente el documento. […]

Cuando la **presentación física** del recurso sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, esta **se formalizará con la presentación del original del recurso de revisión en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente**. (Énfasis nuestro).

Por su parte, la Regla 59, en cuanto al contenido del escrito de revisión, dispone que este debe contener, entre otras cosas, lo siguiente:

**(A) Cubierta**

La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

[…]

(3) Información del caso

Si se trata de un recurso presentado físicamente conforme a lo dispuesto en la Regla 2.1 de este Reglamento, deberá, además,

incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, el nombre del organismo o agencia administrativa de la cual proviene el recurso, incluyendo la identificación numérica del trámite administrativo, si alguna, y la materia.

[...]

**(B) Índice**

Inmediatamente después, habrá un índice detallado del recurso conforme a lo dispuesto en la Regla 75 de este Reglamento.

**(C) Cuerpo**

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

[...]

**(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

**(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.**

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. **La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión**. (Énfasis nuestro).

### III

Examinado el recurso ante nuestra consideración, colegimos que, en este caso, no tenemos jurisdicción a consecuencia del craso incumplimiento de la recurrente con el Reglamento del Tribunal de Apelaciones. Esto, ya que el recurrente, aunque señala los errores que, a su juicio, cometió el Departamento, no discute los mismos, ni nos explica en que fundamentos legales se basa para plantearlos.

Asimismo, en el recurso no se incluyen los aranceles correspondientes y tampoco se presentó la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* (Formulario OAT-1480) o una declaración

jurada en la cual se expongan los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por estos.

Estos defectos son suficientes para privarnos de jurisdicción para atender la petición de revisión judicial del recurrente.

**IV**

Por los fundamentos que anteceden, se ***desestima*** el recurso de *Revisión Judicial,* por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones